STATE OF NEBRASKA, APPELLEE, v. CHARLES WATKINS, APPELLANT.

209 N. W. 2d 184

Filed June 29, 1973. No. 38915.

Holtorf, Hansen, Kovarik & Nuttleman, for appellant.

Clarence A. H. Meyer, Attorney General, and Calvin E. Robinson, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

WHITE, C. J.

The defendant was charged and convicted for an attempted burglary on May 16, 1971, at a Safeway store in Scottsbluff, Nebraska. The defendant appeals, asserting that he was not accorded a speedy trial; that his bail was excessive; and that there was irregularity in the appointment of counsel to defend him. We affirm the judgment and the sentence of the District Court.

This case and the case of State v. Norman, *ante* p. 450, 209 N. W. 2d 186, are companion cases to State v. Alvarez, Brown, Smith, Skinner, and Mai decided by this court on November 24, 1972, 189 Neb. 281, 297, 202 N. W. 2d 604, 585. The information in this case was filed on June 4, 1971. Trial was had before a jury beginning on December 2, 1971, and was completed on December 3. 1971, within the 6-months' limitation provided for in section 29-1207, R. S. Supp., 1972. In companion cases, arising out of the same offense, this court upheld the convictions of the defendants occurring subsequent to the 6-months' period because of the presence of "good cause" under all the circumstances of those cases, which are very closely similar to the situation present on the record in this case. Those decisions would appear to be controlling in the present case even if the trial occurred within the range of time after the 6-months' period that those cases were actually tried and disposed of. Section 29-1207, R. S. Supp., 1972, provides for a

limitation of 6 months for the time of trial and states that such "six months' period shall commence to run from the date the indictment is returned or the information filed." The subdivisions of subsection (4) of the statute are devoted to defining exclusionary periods which may be added to extend the absolute limit of 6 months for trial. The defendant, however, contends that the District Court could have tried his case earlier than it did if the trial court in the management of its calendar had given absolute preference to the trial of criminal cases. There is nothing in the applicable statutes, sections 29-1207 and 29-1208, R. S. Supp., 1972, that indicates or requires such a construction. The legislative intent is clear. The standard set and required is a time period of 6 months. There is no right of discharge granted at any time short of the 6 months' period. His contention is based upon the provisions of section 29-1205, R. S. Supp., 1972, which contains a provision that states: "To effectuate the right of the accused to a speedy trial * * insofar as is practicable: * * * (1) The trial of criminal cases shall be given preference over civil cases; * * *." This obviously directory provision to the District Court in the management of calendars of criminal cases is designed to promote the accomplishment of the objectives set out in section 29-1207, R. S. Supp., 1972. The argument of the defendant is irrelevant because the record conclusively establishes that the objectives and the time limitation provided for in section 29-1207, R. S. Supp., 1972, were met by the State and the District Court. There is no merit to this contention. We point out further that the defendant was given credit for the time he spent in jail on the sentence that was imposed, and there is utterly no showing of prejudice to the defendant in the preparation or the trial of his case.

The next contention of the defendant in this case is that his pretrial bail of $5,000 was excessive. The record shows that an "F.B.I. report" regarding the de-

fendant was before the trial court in the consideration of the matter. The appropriate form of relief from claimed excessive bail in Nebraska is by habeas corpus. In re Scott, 38 Neb. 502, 56 N. W. 1009. There is nothing in the record to show an abuse of discretion on the part of the trial court in the setting of bail of the defendant, and it further appears that the issue of excessiveness of pretrial bail is not reviewable after a conviction and sentence. State v. Sheppard, 100 Ohio App. 345, 60 Ohio Op. 298, 128 N. E. 2d 471, affirmed 165 Ohio St. 293, 59 Ohio Op. 398, 135 N. E. 2d 340, cert. den. 352 U. S. 910, 77 S. Ct. 118, 1 L. Ed. 2d 119, reh. den. 352 U. S. 955, 77 S. Ct. 323, 1 L. Ed. 2d 245.

The record reveals that the defendant was represented at his preliminary hearing in county court by a lawyer who was not then a member of the bar of the State of Nebraska. He was admitted to the bar in another state. The defendant now contends error in the overruling of his request for a new preliminary hearing in District Court on the ground that it was prejudicial error to permit an attorney who was not admitted to practice in this state and who has not associated with local counsel to represent him at the first preliminary hearing. The record reveals that the defendant was not denied the representation of counsel in any sense. The defendant was first advised by the county court on May 17, 1971, that he had a right to counsel, and that if he were indigent, counsel would be appointed. *At the defendant's request* the matter was continued in order that the defendant might consult an attorney. When the hearing was taken up again, the defendant appeared on May 26, 1971, "with his attorney Lou Mankus" and this attorney represented him, without objection on his part, during the preliminary hearing. Nothing in the record suggests other than that the defendant freely selected Mr. Mankus to represent him, after a full explanation of his rights, with neither the court nor the prosecution participating in the selection process. It

is not argued that his attorney did not adequately represent him and it further appears that any practicing attorney in the courts of another state may be admitted, by the court, for the purpose of representing a client in an individual case. Revised Rules of the Supreme Court, 1971, Chapter II, section 5, page 24. The contention is without merit.

The judgment and sentence of the District Court are correct and are affirmed.

AFFIRMED.