STATE OF NEBRASKA, APPELLANT, V. RODNEY BORN, APPELLEE.

212 N. W. 2d 581

Filed November 23, 1973. No. 39003.

Andrew J. McMullen and Gerald B. Buechler, for appellant.

Jeffrey L. Orr and Jeffrey H. Jacobsen, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

McCown, J.

This is an error proceeding brought by the county attorney of Buffalo County after leave to docket had been granted by this court under the provisions of section 29-2315.01, R. R. S. 1943. The District Court sustained a motion to dismiss the proceedings in a felony prosecution against the defendant. The grounds for the motion were that the defendant had been deprived of his right to a speedy trial.

On August 4, 1972, a complaint was filed in the county court of Buffalo County, Nebraska, charging the defendant with possession of a controlled substance, a felony offense under section 28-4,125, R. S. Supp., 1972. The defendant was in custody on the same day and appeared in the county court for setting of bond and appointment of counsel. The county court set the preliminary hearing for January 30, 1973. Defendant requested and received a 1-day continuance to January 31, 1973, when preliminary hearing was held and the county court took the matter under advisement. On February 1, 1973, the county court found probable cause and bound the defendant over to the District Court for trial. Transcript of the county court proceedings was filed in the District Court on February 5, 1973, and the defendant's arraignment set for February 7, 1973. On February 6, 1973, the defendant filed the motion to dismiss and on the same day an information charging defendant with the felony was filed in the District Court. On February 7, 1973, after hearing, the District Court found that section 29-1207, R. S. Supp., 1972, applied to this felony case and that the 6-month period began to run on the date the complaint was filed in the county court, rather than from the filing of the information. The District Court relied upon State v. Stevens, 189 Neb. 487, 203 N. W. 2d 499, in making that ruling, and dismissed the action.

Section 29-1207, R. S. Supp., 1972, limits the time for trial or retrial of a criminal offense to a 6-month period,

with exclusions of time for various periods of delay which are extensively spelled out in the statute. The 6-month period for trial commences to run "from the date the indictment is returned or the information filed."

State v. Stevens, *supra*, has no application here. That case involved a misdemeanor. Under Nebraska procedure, informations are not used in a misdemeanor case but only complaints. The trial is had in the same court in which the complaint is filed, and that complaint serves the same purpose in a misdemeanor proceeding in the county or municipal court as the information serves in a felony proceeding in the District Court. In addition, the Stevens case involved a retrial in the District Court following an appeal. No information was filed, and the complaint remained the basis of the proceeding as provided by law. An appeal of a misdemeanor at that time consisted of a complete retrial in the District Court. The Stevens case quite properly applied the statute to misdemeanor proceedings as well as to the appellate misdemeanor retrial procedure in the District Court which was in effect in 1971.

Under the specific language of section 29-1207, R. S. Supp., 1972, where a felony offense is involved, the 6-month period commences to run from the date the indictment is returned or the information filed and not from the time the complaint is filed. See State v. Watkins, *ante* p. 450, 209 N. W. 2d 184. The Legislature did not specifically address the problem of setting statutory time limits for procedures in felony cases prior to the return of an indictment or the filing of an information. While it may be assumed the Legislature contemplated that proceedings prior to the filing of an information in felony cases would be carried out without unreasonable delay, the Legislature did not make the statute applicable to such proceedings.

Even though the statute does not apply to proceedings prior to the filing of an information in a felony

case, those proceedings are still a part of a criminal prosecution and subject to the constitutional guaranty of a speedy trial. The constitutional right to a speedy trial and the statutory implementation of that right under section 29-1207, R. S. Supp., 1972, exist independently of each other. The fact that the statute does not apply to proceedings or delay occurring prior to the filing of an information in a felony case in no way lessens the duty of the State to provide the defendant with a speedy trial as required by the Constitution. In considering the constitutional right to a speedy trial, the extent of any delay, the reason for the delay, and prejudice, if any, to the defendant, are all relevant factors to be considered by the court. Any unreasonable delay occurring in the prosecution of any felony offense prior to the filing of an information or the return of an indictment will be considered by the court, in conjunction with statutory requirements, in determining whether or not a defendant has been denied the constitutional right to a speedy trial.

The District Court erred in the application of section 29-1207, R. S. Supp., 1972, to the facts of this case. The judgment of the District Court is reversed and the cause remanded for further proceedings.

REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.

BOSLAUGH, J., concurring.

In State v. Stevens, 189 Neb. 487, 203 N. W. 2d 499, we applied section 29-2315.01, R. R. S. 1943, to a misdemeanor complaint. In State v. Watkins, *ante* p. 450, 209 N. W. 2d 184, the statute was not applied to a felony complaint. Thus, the Watkins case established that the statute does not apply, literally, to all complaints but only to indictments, informations, and misdemeanor complaints. In my view it would be more accurate to say that the statute applies by analogy to misdemeanor complaints.