STATE OF NEBRASKA, APPELLEE, v. CALVIN J. CLOUSE, APPELLANT.
240 N. W. 2d 36

Filed March 25, 1976. No. 40320.

T. Clement Gaughan and Richard L. Goos, for appellant.

Paul L. Douglas, Attorney General, and Paul W. Snyder, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, NEWTON, CLINTON, and BRODKEY, JJ.

McCown, J.

The defendant was found guilty by a jury on a charge of burglary and sentenced to 2 to 4 years imprisonment.

On the night of November 23, 1974, a used furniture and antique store in Lincoln, Nebraska, was broken into and a small amount of cash and some special display coins were taken. In the course of police investigation, a tire iron was taken from defendant's automobile and later identified as the instrument used in the break-in. Other evidence established that defendant possessed and disposed of the identifiable coins taken in the burglary. The evidence was sufficient to sustain the jury verdict and no issue as to the sufficiency of the evidence is raised.

The defendant first contends that the tire iron should not have been admitted in evidence on the ground that it was obtained through an illegal search.

At the time of the defendant's arrest, the arresting officers, without giving full Miranda warnings, asked if they could search the defendant's car. The defendant consented and gave them the keys. The officers testified that they told the defendant he did not have to allow the search. In the trunk of the car they found a tire iron and a crowbar. They took the crowbar and the defendant to the police station. At the police station the defendant was given full Miranda warnings and signed a consent to search form. The officers then went back to the defendant's house and took the tire iron out of the car trunk. The tire iron had traces of a material on it which matched putty samples taken from the back door of the store. Pry marks on the door matched those which might have been made with the tire iron.

The basis of defendant's complaint is that he was not given the full Miranda warnings before he gave his consent to the first search. This court has already held that the Miranda rules are not applicable to consent searches. See State v. Forney, 182 Neb. 802, 157 N. W.

2d 403. The United States Supreme Court thereafter reached the same conclusion. See Schneckloth v. Bustamonte, 412 U. S. 218, 93 S. Ct. 2041, 36 L. Ed. 2d 854. Those cases are determinative of the issue here.

Defendant next contends that he was denied a speedy trial. He was arrested November 25, 1974. The information was filed in the District Court January 8, 1975. Defendant filed a motion to suppress evidence on January 17, 1975, which was heard on February 21, 1975. The District Court required briefs to be filed by February 28, and announced an intention to rule on the motion and commence trial on or about March 3, 1975. On March 4, 1975, the defendant filed a demand for immediate trial, and on March 5, 1975, he filed a motion to withdraw the motion to suppress. The demand and motion were heard on March 7, 1975, and overruled. By that time there were not enough consecutive open jury days left in March for the expected length of this trial. Trial was therefore set for the April term and held on April 8, 1975.

Under section 29-1207, R. S. Supp., 1974, defendants are required to be brought to trial within 6 months from the date the information is filed. Delay resulting from pretrial motions to suppress evidence are specifically excluded in computing the 6-month period. In this case, trial was held within 3 months from the date the information was filed. After exclusion of the delay relating to the motion to suppress, approximately 40 days passed between the filing of the information and the actual trial. The trial occurred within approximately 5 months from the time of arrest. Under any logical analysis of the facts there was about 1 month's delay after the earliest possible date the case might reasonably have been tried. There is no showing of any prejudice from any delay. The facts establish beyond question that the defendant was not denied either his constitutional or statutory right to a speedy trial.

Finally, the defendant asserts that the trial court

erred in impeding the right of defense counsel to ask leading questions on cross-examination of the chief witness for the prosecution. The assignment of error does not correctly reflect the facts. In the recross-examination of the witness the trial court sustained an objection by the prosecution to one question on the ground that that the question was argumentative, leading, and suggestive, and beyond the scope of direct examination. After some discussion, a rephrased question was asked and answered without objection. A subsequent question by defense counsel was objected to as being too broad and ambiguous and calling for a conclusion. At that point a discussion between the court and counsel out of the presence of the jury fully outlined the court's views as to what was permissible and impermissible impeachment evidence, and the proper method of eliciting it. The court gave defendant's counsel an opportunity to make an offer of proof if he wished to do so, but counsel declined, stated that the discussion had covered the material, and made no objection of any kind. There was never any ruling on the pending objection by the prosecution.

When trial was resumed before the jury, the defense counsel stated that he was finished with the witness and had no further questions. Counsel's failure to take any affirmative action at the time could properly be said to have waived any objections, even if the record reflected previous objection. In any event, the record here fails to reveal any valid basis for objection. The scope of cross-examination of a witness rests largely in the discretion of the trial court and its ruling will be upheld on appeal unless there is an abuse of discretion. State v. Lytle, 194 Neb. 353, 231 N. W. 2d 681. There was no abuse of discretion here.

AFFIRMED.