STATE OF NEBRASKA, APPELLEE, V. MICHAEL EDWIN WILCOX,
APPELLANT.
395 N.W.2d 772

Filed November 14, 1986.    No. 85-991.

·Dennis R. Keefe, Lancaster County Public Defender, and Sean J. Brennan, for appellant.

Robert M. Spire, Attorney General, and Laura L. Freppel, for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

WHITE, J.

The defendant, Michael Edwin Wilcox, was convicted of possession of marijuana with intent to deliver under Neb. Rev. Stat. § 28-416(1)(a) (Reissue 1985) and sentenced to 2 years' probation. He asserts two assignments of error, that he was denied his right to a speedy trial under Neb. Rev. Stat. § 29-1207 (Reissue 1985) and that the trial court erred in determining that he did not have standing to challenge the admissibility of evidence seized in a warrantless search. We hold that the defendant was denied his right to a speedy trial and is entitled to total discharge of the offense charged, in accord with Neb. Rev. Stat. § 29-1208 (Reissue 1985). We accordingly reverse and remand with directions to dismiss the information with prejudice.

On October 6, 1983, law enforcement officers seized marijuana from an outbuilding located behind the house the defendant shared with his girlfriend in rural Lancaster County, and arrested the defendant. He was subsequently charged and bound over to the district court. An information was filed on October 27, 1983. The defendant filed a motion to suppress the seized material on January 12, 1984. The motion was denied 1 year 7 months 24 days later. The defendant submitted the motion before the first judge on January 25, 1984, less than 2 weeks after filing. After the defendant rested, the State asserted for the first time that the defendant lacked standing to contest the search. The court ordered a further hearing on February 22, 1984, after the standing issue was briefed.

Prior to the time set for further hearing on the motion, i.e.,

February 13, 1984, the judge wrote counsel a letter notifying them of his intent to recuse himself from deciding the motion. On April 10, 1984, the judge formally recused himself, and a second judge contacted counsel.

The record indicates no action in the case for 1 year 4 months 10 days. On August 20, 1985, the third judge received a transcript of the hearing conducted before the first judge and took the standing issue under advisement. Sixteen days later, on September 5, 1985, the third judge denied the defendant's motion to suppress. From filing to disposition, the motion took 1 year 7 months 24 days to resolve.

On September 17, 1985, the case was called before the first judge. The defendant moved to dismiss the information, asserting violation of his right to speedy trial. The motion was denied. The defendant was brought to trial before the court and convicted on September 20, 1985; 1 year 10 months 24 days after the information was filed.

Section 29-1207 requires that persons indicted or informed against for any offense be tried within 6 months of the filing of the information. Certain periods of time set out in the statute are to be excluded in calculating the last permissible day for trial. As set out in the statute in subsection (4)(a), generally the time from filing to final disposition of the defendant's pretrial motions is excluded from computation. *State v. Long*, 206 Neb. 446, 293 N.W.2d 391 (1980). In *State v. Fatica*, 214 Neb. 776, 336 N.W.2d 101 (1983), time spent by the defendant in discovery was properly excluded; however, delays due to the prosecutor's schedule were not charged against the defendant even though the discovery motions were pending at the time. Neither does judicial delay, absent a showing by the State of good cause, toll the statute, as recognized in *State v. Alvarez*, 189 Neb. 281, 290, 202 N.W.2d 604, 610 (1972): "The mandate of the statute must therefore be followed and such things as improper or inefficient docket management, scheduling of trials, or failure to use . . . an available judge from another district cannot be deemed 'good cause.' "

The State has the burden to establish that the time properly comes within one of the exclusions; a failure to carry that burden warrants reversal. *State v. Beck*, 212 Neb. 701, 325

N.W.2d 148 (1982); *State v. Kinstler*, 207 Neb. 386, 299 N.W.2d 182 (1980); *State v. Johnson*, 201 Neb. 322, 268 N.W.2d 85 (1978); *State v. Hankins*, 200 Neb. 69, 262 N.W.2d 197 (1978).

The right to a speedy trial does not grant a defendant the right to demand immediate attention or first priority. See, *State v. Clouse*, 195 Neb. 671, 240 N.W.2d 36 (1976); *State v. Watkins*, 190 Neb. 450, 209 N.W.2d 184 (1973). A defendant must accept delay as a consequence of making pretrial motions, where delay is not inordinate or unreasonable. *State v. Craig*, 219 Neb. 70, 361 N.W.2d 206 (1985); *State v. Fatica, supra; State v. Brown*, 214 Neb. 665, 335 N.W.2d 542 (1983). The questions presented in this case are whether the length of time taken to resolve the motion is inordinate and unreasonable, and, if so, how much of the delay is not to be attributed to the defendant.

In computing the time chargeable to the State, we note that 2 months 16 days elapsed between the filing of the information and the filing date of the motion to suppress. This time is properly chargeable to the State. The State contends that the time between the filing of the motion to suppress and the first judge's announcement of his recusal are not properly chargeable to the State (1 month 1 day). We agree.

The State concedes in its brief that it is improper to attribute the entire time the motion was unresolved to delay of the defendant, and submits that the time between the first judge's decision to recuse himself and his formal recusal (1 month 28 days) should be charged to the State. We agree.

However, the State contends that all remaining elapsed time until disposition of the motion is not chargeable to the State (1 year 4 months 26 days). Charging the State with the 15 days from disposition of the motion to the date of trial, the State's position is that the defendant was brought to trial in 4 months 27 days from the filing of the information, all other time being charged to the defendant.

For 16 days of the 1-year 4-month 26-day period from the formal recusal to resolution, the record shows the motion was actively under advisement. The rest of the time in question it lay dormant. Yet the total amount of time the State contends should be charged against the defendant during this period as

ordinary delay is over 30 times greater than the portion of that time the record demonstrates was actively spent resolving the motion. This delay cannot conceivably be described as a reasonable, ordinary consequence of filing one motion. We cannot charge the entire time from the formal recusal to resolution of the motion to the defendant.

How much of this time should be charged against the State as unreasonable delay and how much time should be attributed to the defendant under § 29-1207(4)(a) remain to be determined in order to figure out whether the State brought the defendant to trial within 6 months. We refuse the defendant's suggestion that we adopt a per se rule as a guide to what time is reasonable for resolution of pretrial motions. We also decline the task of determining exactly which days were spent reasonably and how many unreasonably. However, it is clear that 4 months 27 days are already charged against the State, leaving the State only 1 month 3 days to bring the defendant to trial. If more than 1 month 3 days are to be charged against the State as unreasonable delay, the defendant was not brought to trial within 6 months.

From the first judge's formal recusal to the disposition of the motion, 1 year 4 months 26 days passed. To say that only 1 month 3 days or less of that time is unreasonable is to say that 1 year 3 months 23 days or more is a reasonable, ordinary delay that a defendant must suffer as a consequence of a single motion to suppress evidence being taken under advisement. This we cannot require the defendant to tolerate. Therefore, more than 1 month 3 days of time was due to unreasonable delay chargeable to the State, and the defendant was untimely tried.

At the close of the State's evidence, commenting on the defendant's motion to dismiss for failure to bring him to trial within 6 months, the court said: "The matter was never finally submitted. It was never taken under advisement, actually . . . it really didn't get lost because everybody knew about it, they just didn't want — perhaps nobody wanted to do anything about it." The record makes the same impression upon this court. Judicial delay, absent a showing of good cause, does not suspend a defendant's right to a speedy trial. *State v. Alvarez*,

defendant's motion was not a waiver of his right to a speedy resolution of the charges against him; a court cannot table a motion and thereby suspend the defendant's right where judicial delay otherwise would warrant discharge of the offense charged.

The defendant was brought to trial 1 year 10 months 24 days after the information was filed. During most of that time, the motion was pending. While the defendant must accept reasonable delay as a consequence of his motion, unreasonable delay will not toll the statute.

Having decided that the defendant is to be discharged under § 29-1208, there is no need to address the second assignment of error.

REVERSED AND REMANDED WITH
DIRECTIONS TO DISMISS.