STATE OF NEBRASKA, APPELLEE, V.
JESS J. KARCH, SR., APPELLANT.
639 N.W.2d 118

Filed February 15, 2002.   No. S-01-182.

W. Thomas Brantley, of Hascall, Jungers & Garvey, for appellant.

Don Stenberg, Attorney General, and Scott G. Gunem for appellee.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.

GERRARD, J.

Jess J. Karch, Sr., appeals the judgment of the Sarpy County District Court, which affirmed the county court's refusal to dismiss two misdemeanor counts upon the claim that Karch was not brought to trial within 6 months, as required by Nebraska's speedy trial act, Neb. Rev. Stat. § 29-1205 et seq. (Reissue 1995). For the reasons stated below, we affirm the judgment of the district court.

## BACKGROUND

On April 12, 2000, the State filed a criminal complaint under case No. CR00-1966, charging Karch with two felony counts:

count I, second degree assault, a Class IIIA felony; and count II, child abuse, a Class III felony. Both charges were alleged to have occurred at a specific address in Sarpy County on or about March 18, 2000. Karch appeared on June 6 at the initial hearing before the county court, at which time the court scheduled a preliminary hearing on both charges for June 29.

With leave of the court, the State filed an amended criminal complaint on June 29, 2000, charging Karch with four misdemeanor counts: count I, third degree assault, a Class I misdemeanor; count II, third degree assault, a Class I misdemeanor; count III, disturbing the peace, a Class III misdemeanor; and count IV, interfering with a public service company, a Class II misdemeanor. All of the amended misdemeanor charges were alleged to have occurred in the same place and on the same date as the original felony charges.

Karch pled not guilty to the four amended counts at the arraignment in county court, and the court set the matter for pretrial conference. On August 2, 2000, Karch waived his right to a jury trial, and the matter was set for bench trial on September 11. On September 11, the date of Karch's scheduled trial, the court denied the State's motion for continuance; the court subsequently granted the State's request to dismiss without prejudice.

The State refiled a criminal complaint against Karch on September 14, 2000, under case No. CR00-4836, charging him with the same four misdemeanor counts charged in the amended complaint of June 29. Karch appeared before the county court on October 24, pled not guilty to all four counts, and posted bond; the court scheduled a jury trial to begin on October 26.

On October 25, 2000, Karch filed a motion to discharge all counts against him, pursuant to his constitutional and statutory right to a speedy trial. The court scheduled a hearing on Karch's motion for November 2. At that hearing, the county court took judicial notice of the pleadings and filings concerning cases Nos. CR00-1966 and CR00-4836. Karch argued that the filing date for all four charged offenses from case No. CR00-4836 should relate back to April 12, 2000, the date of the original felony complaint filed in county court at case No. CR00-1966. Karch argued, based on this court's decision in *State v. Sumstine*, 239 Neb. 707, 478 N.W.2d 240 (1991), that the

charges from case No. CR00-4836 should relate back as either lesser-included offenses of the original charges filed at case No. CR00-1966, or as offenses alleged to have been committed simultaneously with lesser-included offenses charged in the complaint previously dismissed by the State. After hearing arguments from both parties, the court dismissed counts I and II against Karch. The court, however, did not dismiss counts III and IV, stating that there was no evidence that the offenses were committed simultaneously. The court scheduled Karch's trial on counts III and IV to begin on November 13.

Karch appealed the county court's refusal to dismiss counts III and IV to the district court. After a hearing, the district court entered an order affirming the county court's refusal to dismiss counts III and IV and remanded the case to county court for trial. Karch appealed, and pursuant to our authority to regulate the caseloads of the appellate courts, we moved this appeal to our docket.

## ASSIGNMENTS OF ERROR

Karch assigns, restated, that the district court erred in affirming the county court's (1) refusal to relate the date of filing of counts III and IV, for computation of speedy trial time, back to April 12, 2000, the date of the original complaint charging Karch with two felonies, and (2) refusal to dismiss counts III and IV. We consolidate these errors for purposes of our analysis.

## STANDARD OF REVIEW

■ Generally, a trial court's determination as to whether charges should be dismissed on speedy trial grounds is a factual question which will be affirmed on appeal unless clearly erroneous. *State v. French*, 262 Neb. 664, 633 N.W.2d 908 (2001).

■ To the extent an appeal calls for statutory interpretation or presents questions of law, an appellate court must reach an independent conclusion irrespective of the determination made by the court below. *Id.*; *State v. Tucker*, 259 Neb. 225, 609 N.W.2d 306 (2000).

## ANALYSIS

Nebraska's speedy trial act, § 29-1205 et seq., provides in part that "[e]very person indicted or informed against for any offense

shall be brought to trial within six months, and such time shall be computed as provided in this section." § 29-1207(1). Karch argues that he should have been brought to trial within 6 months of the filing of the April 12, 2000, felony complaint and, because he was not brought to trial within that time period, counts III and IV should have been dismissed.

■ Where a felony offense is involved, the 6-month speedy trial period commences to run from the date the indictment is returned or the information filed, and not from the time the complaint is filed. *State v. Trammell*, 240 Neb. 724, 484 N.W.2d 263 (1992); *State v. Costello*, 199 Neb. 43, 256 N.W.2d 97 (1977); *State v. Born*, 190 Neb. 767, 212 N.W.2d 581 (1973). The April 12, 2000, complaint filed against Karch in county court contained two felony offenses, and no indictment was returned or information filed based upon those felony offenses. The April 12 complaint, therefore, did not commence the statutory 6-month speedy trial period. See *State v. Born, supra.*

■ The constitutional right to a speedy trial is guaranteed by U.S. Const. amend. VI and Neb. Const. art. I, § 11; the constitutional right to a speedy trial and the statutory implementation of that right exist independently of each other. *State v. Tucker, supra.* See, also, *State v. Born, supra.* In *Born*, we noted that the Legislature did not specifically address the problem of setting statutory time limits for procedures in felony cases prior to the return of an indictment or the filing of an information. We stated, however, that we would consider unreasonable delay occurring in the prosecution of felony offenses prior to the return of an indictment or filing of an information in determining whether the defendant was denied the constitutional right to a speedy trial. *Id.*

■ Karch has waived any constitutional speedy trial claim. Although he cited both his statutory and his constitutional rights to a speedy trial in his motion to discharge, Karch did not assign or argue his constitutional right to a speedy trial in his brief. An appellate court does not review questions concerning a defendant's constitutional right to a speedy trial when those questions are not raised in both the trial court and the appellate court. See *State v. Kearns*, 245 Neb. 728, 514 N.W.2d 844 (1994), *disapproved on other grounds, State v. Boslau*, 258 Neb. 39, 601

N.W.2d 769 (1999). Karch did not preserve a constitutional claim for any delay relating back to the felony complaint, and we do not consider any such claim.

■ Karch's statutory speedy trial claim also fails under our recent decision in *State v. French*, 262 Neb. 664, 633 N.W.2d 908 (2001), in which we considered whether an amended complaint or information supersedes the original for purposes of the speedy trial act. We noted in *French* that an amended pleading supersedes the original pleading in civil cases and that after an amended pleading is filed, the original pleading ceases to perform any office as a pleading. See, also, *In re Interest of Rondell B.*, 249 Neb. 928, 546 N.W.2d 801 (1996); *Midwest Laundry Equipment Corp. v. Berg*, 174 Neb. 747, 119 N.W.2d 509 (1963). With regard to criminal cases, we distinguished in *State v. French, supra*, between an amendment to a complaint and an amended complaint—if the amendment to the complaint or information does not change the nature of the charge, then the time continues to run against the State for purposes of the speedy trial act. If the second complaint alleges a different crime, however, without charging the original crime, then it is an amended complaint or information, and it supersedes the prior complaint or information. *Id.* We ultimately determined that an amended complaint or information which charges a different crime, without charging the original crime, constitutes an abandonment of the first complaint or information and acts as a dismissal of the same. *Id.* The time between the dismissal and refiling of the same or a similar charge is not includable in calculating the 6-month time period set forth in § 29-1207. *State v. French, supra.*

Here, we must consider whether the amended complaint filed against Karch on June 29, 2000, supersedes the original complaint filed on April 12, 2000. The April 12 complaint charged Karch with one felony count of second degree assault and one felony count of child abuse. The June 29 amended complaint charged Karch with counts I and II, both third degree assault, count III, disturbing the peace, and count IV, interfering with a public service company; all four counts were misdemeanor offenses. Counts I and II of the June 29 complaint were dismissed by the county court on speedy trial grounds. The remaining counts III

and IV, however, do not relate back to the original felony complaint, as count III, disturbing the peace, and count IV, interfering with a public service company, are completely different crimes than those alleged in the original complaint. Thus, under *State v. French, supra*, the June 29 complaint superseded the April 12 complaint and the April 12 complaint ceased to perform any office as a pleading as of June 29.

Although the speedy trial act expressly refers to indictments and informations, it is well settled that the act also applies to prosecutions on complaint in the county court. *State v. Vrtiska*, 227 Neb. 600, 418 N.W.2d 758 (1988). In cases commenced and tried in county court, the 6-month period within which an accused must be brought to trial begins to run on the date the complaint is filed. See *State v. Johnson*, 201 Neb. 322, 268 N.W.2d 85 (1978). However, time chargeable to the State ceases, or is tolled, during the interval between the State's dismissal of the initial complaint and the refiling of a complaint charging the defendant with the same crime alleged in the previous, but dismissed, complaint. See, *State v. French*, 262 Neb. 664, 633 N.W.2d 908 (2001); *State v. Dyer*, 245 Neb. 385, 513 N.W.2d 316 (1994). When the State dismisses a complaint and refiles another complaint charging the defendant with the same offense alleged in the previous complaint, the periods during which the complaints are pending for the same offense must be combined in determining the last day for commencement of trial under the speedy trial act, excluding certain periods pursuant to § 29-1207(4). See, *State v. French, supra*; *State v. Trammell*, 240 Neb. 724, 484 N.W.2d 263 (1992). In Karch's case, only 3 days elapsed between the dismissal of the June 29, 2000, complaint and the refiling of the same complaint under a different case number—the court dismissed the June 29 complaint on September 11, and the State refiled the same complaint on September 14.

Karch filed his motion to discharge on October 25, 2000; thus, the State has not exceeded the 6-month time period in bringing Karch to trial on the crimes charged in the June 29 amended complaint. Karch's speedy trial claim fails, and upon entry of the mandate from this appeal, the State will have 67 days in which to bring Karch to trial on counts III and IV.

## CONCLUSION

For the reasons set forth above, Karch's assignments of error are without merit and his statutory right to a speedy trial was not violated. We affirm the judgment of the district court.

AFFIRMED.