State of Nebraska, appellee, v.
Scott A. Johnson, appellant.
___ N.W.2d ___

Filed February 10, 2015.    No. A-14-085.

1. **Judgments: Speedy Trial: Appeal and Error.** As a general rule, a trial court's determination as to whether charges should be dismissed on speedy trial grounds is a factual question which will be affirmed on appeal unless clearly erroneous.

2. **Speedy Trial.** Neb. Rev. Stat. § 29-1207 (Cum. Supp. 2014) requires discharge of a defendant whose case has not been tried within 6 months after the filing of the information, unless the 6 months are extended by any period to be excluded in computing the time for trial.

3. **Speedy Trial: Pretrial Procedure.** Neb. Rev. Stat. § 29-1207(4)(a) (Cum. Supp. 2014) specifically excludes from the speedy trial calculation the time from filing until final disposition of pretrial motions of the defendant.

4. **Courts: Speedy Trial: Pretrial Procedure.** A court cannot table a motion and thereby suspend a defendant's rights where judicial delay without a showing of good cause under Neb. Rev. Stat. § 29-1207(4)(f) (Cum. Supp. 2014) would otherwise warrant discharge.

5. **Speedy Trial: Good Cause.** Where the excludable period properly falls under Neb. Rev. Stat. § 29-1207(4)(a) (Cum. Supp. 2014) rather than the catchall provision of § 29-1207(4)(f), no showing of reasonableness or good cause is necessary to exclude the delay.

6. **Speedy Trial: Pretrial Procedure: Good Cause.** Unlike the requirement in Neb. Rev. Stat. § 29-1207(4)(f) (Cum. Supp. 2014) that any delay be for good cause, conspicuously absent from § 29-1207(4)(a) is any limitation, restriction, or qualification of the time which may be charged to the defendant as a result of the defendant's motions.

7. **Speedy Trial: Pretrial Procedure.** The plain terms of Neb. Rev. Stat. § 29-1207(4)(a) (Cum. Supp. 2014) exclude all time between the time of the filing of the defendant's pretrial motions and their final disposition, regardless of the promptness or reasonableness of the delay.

8. **Courts: Constitutional Law: Speedy Trial: Appeal and Error.** The Nebraska Supreme Court has never recognized a right to interlocutory appeal solely concerning the constitutional right to speedy trial.

9. **Final Orders: Speedy Trial: Appeal and Error.** An appeal from a final order—as an order denying a nonfrivolous statutory speedy trial claim is—may raise every issue presented by the order that is the subject of the appeal.

10. **Constitutional Law: Judgments: Speedy Trial: Appeal and Error.** The overruling of a motion alleging the denial of a speedy trial based upon constitutional grounds pendent to a nonfrivolous statutory claim may be reviewed upon appeal from that order.

11. **Constitutional Law: Speedy Trial.** The constitutional right to a speedy trial is guaranteed by U.S. Const. amend. VI and Neb. Const. art. I, § 11.

12. **Constitutional Law: Statutes: Speedy Trial.** The constitutional right to a speedy trial and the statutory implementation of that right exist independently of each other.

13. **Constitutional Law: Speedy Trial.** It is an unusual case in which the Sixth Amendment has been violated when the time limits under the speedy trial act have been met.

14. **Speedy Trial: Words and Phrases.** A speedy trial, generally, is one conducted according to prevailing rules and proceedings of law, free from arbitrary, vexatious, and oppressive delay.

15. **Constitutional Law: Speedy Trial.** The right to a speedy trial is generically different from any of the other rights enshrined in the Constitution for the protection of the accused, because it implicates both the rights of the accused to be treated decently and fairly and societal interests in providing a speedy trial that exist separately from, and sometimes in opposition to, the interests of the accused.

16. **Speedy Trial: Judgments: Pretrial Procedure.** The right to a speedy trial is a more vague concept than other procedural rights, and there is no fixed point at which it can be determined how long is too long in a system where justice is to be swift but deliberate.

17. **Constitutional Law: Courts: Speedy Trial.** The U.S. Supreme Court has developed a balancing test to determine whether a defendant's constitutional right to a speedy trial has been violated. This balancing test involves four factors: (1) the length of the delay, (2) the reason for the delay, (3) the defendant's assertion of the right, and (4) prejudice to the defendant.

18. **Constitutional Law: Speedy Trial.** None of the four factors for determining whether a defendant's constitutional right to a speedy trial has been violated, standing alone, is a necessary or sufficient condition to the finding of a deprivation of the right to a speedy trial; rather, the factors are related and must be considered together with such other circumstances as may be relevant.

19. **Constitutional Law: Criminal Law: Pretrial Procedure: Time.** The Fifth Amendment has only a limited role to play in protecting against oppressive delay in the criminal context.

20. **Speedy Trial: Due Process: Proof.** The due process claimant's burden is a heavy one, requiring a showing of both substantial actual prejudice resulting from the trial delay and bad faith on the part of the government.

Appeal from the District Court for Lancaster County: STEPHANIE F. STACY, Judge. Affirmed in part, and in part remanded with directions.

Matthew K. Kosmicki for appellant.

Jon Bruning, Attorney General, and Kimberly A. Klein for appellee.

Moore, Chief Judge, and Irwin and Pirtle, Judges.

Irwin, Judge.

# I. INTRODUCTION

Scott A. Johnson appeals an order of the district court for Lancaster County, Nebraska, denying his motion for absolute discharge on speedy trial grounds. On appeal, Johnson argues that the court erred in not granting relief on the basis of statutory speedy trial rights and constitutional speedy trial rights. We find no merit to Johnson's assertion concerning his statutory speedy trial claim. With respect to Johnson's constitutional speedy trial claim, we remand the matter with directions for further consideration.

# II. BACKGROUND

We initially note that there is no dispute in this case about the number of days to be attributed to the various time periods since the information was filed against Johnson. Rather, Johnson's arguments are based entirely on assertions that the time it took the district court to rule on a motion to suppress constituted an inordinate and unreasonable delay and that sometime during that delay, he was denied a speedy trial.

On June 7, 2012, Johnson was charged by information with possession of a controlled substance.

On June 15, 2012, Johnson filed pretrial discovery motions. The district court ruled on Johnson's motions on June 19. The court concluded that as a result of these pretrial motions, 4 days were properly excluded from the speedy trial calculation. Johnson has not challenged this calculation.

On September 13, 2012, Johnson requested the case be continued from the October 2012 jury term to the December 2012 jury term. The court granted Johnson's request and accepted his waiver of speedy trial for that period. The district court concluded that as a result of this request, 81 days were properly excluded from the speedy trial calculation. Johnson has not challenged that calculation.

On November 1, 2012, Johnson moved to continue the case to the February 2013 jury term. The court granted this request.

The district court concluded that as a result of this request, 95 additional days would be properly excluded from the speedy trial calculation, but that 32 of those days overlapped the time properly excluded because of the prior continuance; as a result, the court concluded that 63 additional days were properly excluded from the speedy trial calculation. Johnson has not challenged that calculation.

On January 17, 2013, Johnson filed a motion to suppress. The motion was heard on March 20, and the court took the motion under advisement. The court entered an order overruling the motion to suppress on December 2.

On December 20, 2013, Johnson filed a motion for absolute discharge. In the motion, Johnson specifically asserted that his motion for discharge was based on his allegations that he had been denied both his statutory and his constitutional rights to speedy trial.

At the hearing on Johnson's motion for discharge, the parties presented argument and the State offered an exhibit demonstrating the State's calculation of excludable time periods. There was no testimony presented, and there was no discussion on the record concerning the reasons for the court's delay in ruling on Johnson's motion to suppress from March until December 2013. Johnson argued the court should find that the court's delay in ruling on the motion to suppress was an inordinate and unreasonable delay and, based on the Nebraska Supreme Court's ruling in *State v. Wilcox*, 224 Neb. 138, 395 N.W.2d 772 (1986), that he was entitled to discharge.

On January 15, 2014, the district court entered an order overruling Johnson's motion for discharge. The court specifically distinguished the present case from *State v. Wilcox, supra*, found that the entire time from Johnson's filing of the motion to suppress until the court's ruling on the motion was properly excludable as being attributed to a pretrial motion filed by the defendant, and concluded that the statutory time for speedy trial would not expire until March 2014. The court did not mention Johnson's assertion regarding his constitutional right to speedy trial.

This appeal followed.

## III. ASSIGNMENT OF ERROR

On appeal, Johnson has assigned one error. He asserts that the district court erred in overruling his motion for absolute discharge.

## IV. ANALYSIS

We initially note that there are no issues raised in this case concerning the "counting" of particular days attributed to the various pretrial filings and rulings. Rather, the primary argument in this appeal concerns whether the length of time it took the court to rule on Johnson's motion to suppress constituted an inordinate or unreasonable delay such that, at some point during that time, Johnson's speedy trial rights were violated.

[1] As a general rule, a trial court's determination as to whether charges should be dismissed on speedy trial grounds is a factual question which will be affirmed on appeal unless clearly erroneous. *State v. Hettle*, 288 Neb. 288, 848 N.W.2d 582 (2014).

### 1. Statutory Speedy Trial Right

Johnson first asserts that his statutory right to speedy trial under Neb. Rev. Stat. § 29-1207 (Cum. Supp. 2014) was violated, because the more than 8 months that his motion to suppress was under advisement resulted in his not being brought to trial within 6 months. His argument is premised upon, and depends upon, a conclusion that the time that his motion was pending is not entirely excluded from the speedy trial calculation because there was inordinate or unreasonable judicial delay without good cause. We find no merit to Johnson's assertion and conclude that this time period was entirely excludable as attributed to his pretrial motion to suppress.

[2,3] Section 29-1207 requires discharge of a defendant whose case has not been tried within 6 months after the filing of the information, unless the 6 months are extended by any period to be excluded in computing the time for trial. *State v. Hettle*, *supra*; *State v. Turner*, 252 Neb. 620, 564 N.W.2d 231 (1997). Section 29-1207(4)(a) specifically excludes from the speedy trial calculation "the time from filing until final disposition of pretrial motions of the defendant."

In this case, Johnson relies heavily on the outcome in *State v. Wilcox*, 224 Neb. 138, 395 N.W.2d 772 (1986), as support for his assertion that even though the period of time at issue here involved the period of time it took the court to rule on his pretrial motion to suppress, it was an unreasonable period of time for such a ruling and constituted judicial delay without a showing of good cause. In *State v. Wilcox, supra*, the Nebraska Supreme Court held that a defendant was denied his right to a speedy trial where a motion to suppress filed by the defendant was not heard until 1 year 7 months 24 days after it was filed. The motion was set for hearing a little over 1 month after it was filed. However, the motion was not heard at that time because the judge recused himself. Thereafter, the record indicated no action in the case for 1 year 4 months 26 days, until finally the substituted judge received the transcript and 16 days later ruled on the motion.

[4] In *State v. Wilcox, supra*, the Nebraska Supreme Court concluded that the defendant's rights under § 29-1207 had been violated. In addressing the time period after the substituted judge had been assigned to the case, the court stated that a court cannot table a motion and thereby suspend a defendant's rights where judicial delay without a showing of good cause under § 29-1207(4)(f) would otherwise warrant discharge.

[5] Since its ruling in *State v. Wilcox, supra*, the Nebraska Supreme Court has clarified its ruling and consistently rejected the argument that Johnson makes in this case, by drawing a distinction between cases where the period of delay properly falls under § 29-1207(4)(a) and cases where the period of delay properly falls under the catchall provision of § 29-1207(4)(f). See, *State v. Covey*, 267 Neb. 210, 673 N.W.2d 208 (2004); *State v. Turner, supra*; *State v. Lafler*, 225 Neb. 362, 405 N.W.2d 576 (1987), *abrogated on other grounds*, *State v. Oldfield*, 236 Neb. 433, 461 N.W.2d 554 (1990). In *State v. Lafler, supra*, the court clarified that where the excludable period properly falls under § 29-1207(4)(a) rather than the catchall provision of § 29-1207(4)(f), no showing of reasonableness or good cause is necessary to exclude the delay.

The court explained that the delay in *State v. Wilcox*, 224 Neb. 138, 395 N.W.2d 772 (1986), was *not* based on one of the specifically enumerated or described periods of delay under § 29-1207(4)(a). *State v. Lafler, supra*. Rather, the delay in *State v. Wilcox, supra*, in the court's actually assigning and hearing the defendant's motion was attributable to judicial neglect and fell under § 29-1207(4)(f), wherein other periods of delay not specifically enumerated are excludable, but only if the court finds that they are for good cause. *State v. Lafler, supra*.

[6,7] Unlike the requirement in § 29-1207(4)(f) that any delay be for good cause, conspicuously absent from § 29-1207(4)(a) is any limitation, restriction, or qualification of the time which may be charged to the defendant as a result of the defendant's motions. *State v. Turner*, 252 Neb. 620, 564 N.W.2d 231 (1997); *State v. Lafler, supra*. Rather, the plain terms of § 29-1207(4)(a) exclude all time between the time of the filing of the defendant's pretrial motions and their final disposition, regardless of the promptness or reasonableness of the delay. *State v. Turner, supra*; *State v. Lafler, supra*. Nebraska's statute is similar to the federal Speedy Trial Act of 1974, 18 U.S.C. § 3161 et seq. (2012), and the U.S. Supreme Court in *Henderson v. United States*, 476 U.S. 321, 106 S. Ct. 1871, 90 L. Ed. 2d 299 (1986), stated that the plain terms of the act excluded all time between the filing and the hearing on a motion whether or not the hearing had been promptly held and that the period of delay was not required to be reasonable. See, *State v. Turner, supra*; *State v. Lafler, supra*. The Nebraska Legislature could have drafted Nebraska's statutes to apply a reasonable time requirement to § 29-1207(4)(a), but did not.

The defendants in *State v. Turner, supra*, and in *State v. Lafler, supra*, made arguments similar to the one set forth by Johnson in this case, asserting that periods of time attributed to their pretrial motions should be considered inordinate or unreasonable delay and require a showing of good cause to satisfy speedy trial rights. The Nebraska Supreme Court rejected that argument in both cases, and we similarly reject it here. The record demonstrates that Johnson's motion was heard and

taken under advisement, and there is nothing to suggest any kind of judicial neglect comparable to that in *State v. Wilcox, supra*. As such, the district court correctly concluded that the entire time attributed to the motion to suppress was properly excluded, and the court was not clearly erroneous in so holding. This assigned error is without merit.

## 2. Constitutional Speedy Trial Right

Johnson next asserts that the district court erred in not finding that his constitutional right to a speedy trial was violated. The court did not make any findings on this issue or resolve the issue, and we conclude that the matter must be remanded for further consideration.

We initially note that the State asserts on appeal that a defendant is not entitled to appeal from a pretrial ruling denying relief based on constitutional speedy trial rights. The State argues: "The U.S. Supreme Court has expressly held that no interlocutory appeal lies from a denial of relief based upon the constitutional rights to speedy trial." Brief for appellee at 3, citing *United States v. MacDonald*, 435 U.S. 850, 98 S. Ct. 1547, 56 L. Ed. 2d 18 (1978). The State asserts that the Nebraska Supreme Court has never recognized a right to interlocutory appeal solely concerning the constitutional right to speedy trial. We find the authority upon which the State bases its argument in this case to be distinguishable, because the factual scenario at hand does not involve an interlocutory appeal based *solely* on an alleged constitutional violation of a right to speedy trial.

In *United States v. MacDonald, supra*, the U.S. Supreme Court did reverse a lower court decision and remand the matter on the basis of concluding that a defendant was not entitled to a pretrial appeal on speedy trial grounds. In that case, however, the defendant had sought relief solely on the basis of his Sixth Amendment right to a speedy trial and there was no statutory claim also at issue.

[8] In *State v. Wilson*, 15 Neb. App. 212, 724 N.W.2d 99 (2006), this court was faced with an appeal from the denial of a motion to discharge on the basis of both statutory and constitutional speedy trial rights. We found the defendant's

statutory claim to be frivolous, and we declined to address the constitutional claim on the basis that the constitutional claim, in the absence of a nonfrivolous statutory claim, was not a final, appealable order. *Id*. In so finding, we recognized the U.S. Supreme Court's holding in *United States v. MacDonald, supra*. As the State notes in its brief in this case, we stated in *State v. Wilson*, 15 Neb. App. at 221, 724 N.W.2d at 107, that "the Nebraska Supreme Court has never recognized a right to interlocutory appeal solely concerning the constitutional right to speedy trial."

[9,10] The State's reliance on this authority, however, is unpersuasive in this case because the appeal herein is clearly not *solely* concerning the constitutional right to speedy trial. As discussed significantly above, this case involves both a nonfrivolous statutory claim and a constitutional claim. In *State v. Wilson, supra*, we also noted that an appeal from a final order—as an order denying a nonfrivolous statutory speedy trial claim is—may raise every issue presented by the order that is the subject of the appeal. Thus, the overruling of a motion alleging the denial of a speedy trial based upon constitutional grounds pendent to a nonfrivolous statutory claim may be reviewed upon appeal from that order. *Id*. See, *State v. Hettle*, 288 Neb. 288, 848 N.W.2d 582 (2014); *State v. Brooks*, 285 Neb. 640, 828 N.W.2d 496 (2013).

[11-13] The constitutional right to a speedy trial is guaranteed by U.S. Const. amend. VI and Neb. Const. art. I, § 11. *State v. Hettle, supra*. The constitutional right to a speedy trial and the statutory implementation of that right exist independently of each other. *Id*. Nevertheless, § 29-1207 provides a useful standard for assessing whether the length of a trial delay is unreasonable under the U.S. and Nebraska Constitutions. *State v. Hettle, supra*. It is an unusual case in which the Sixth Amendment has been violated when the time limits under the speedy trial act have been met. *State v. Hettle, supra*.

[14-16] A speedy trial, generally, is one conducted according to prevailing rules and proceedings of law, free from arbitrary, vexatious, and oppressive delay. *Id*. But the right is generically different from any of the other rights enshrined in the Constitution for the protection of the accused, because it

implicates both the rights of the accused to be treated decently and fairly and societal interests in providing a speedy trial that exist separately from, and sometimes in opposition to, the interests of the accused. See *id*. In addition, deprivation of the right may sometimes work to the benefit of the accused. *Id*. The right is a more vague concept than other procedural rights, and there is no fixed point at which it can be determined how long is too long in a system where justice is to be swift but deliberate. *Id*.

[17,18] The U.S. Supreme Court has developed a balancing test to determine whether a defendant's constitutional right to a speedy trial has been violated. See *Barker v. Wingo*, 407 U.S. 514, 92 S. Ct. 2182, 33 L. Ed. 2d 101 (1972). This balancing test involves four factors: (1) the length of the delay, (2) the reason for the delay, (3) the defendant's assertion of the right, and (4) prejudice to the defendant. *State v. Hettle, supra*. None of these four factors, standing alone, is a necessary or sufficient condition to the finding of a deprivation of the right to a speedy trial; rather, the factors are related and must be considered together with such other circumstances as may be relevant. *State v. Tucker*, 259 Neb. 225, 609 N.W.2d 306 (2000).

In this case, Johnson clearly raised his constitutional speedy trial right as a basis for his motion for absolute discharge. Nonetheless, the order of the district court denying the motion for discharge does not include any mention of the constitutional right, does not include any consideration of the four factors that must be balanced, and does not include any kind of factual findings about such considerations as the reason for the delay or the potential prejudice to Johnson as the defendant. Without any findings to review, it is impossible for this court to determine whether the district court was clearly erroneous.

During oral argument in this case, both counsel for Johnson and counsel for the State agreed that without any findings from the district court on this issue, there is no way for this court to properly perform its appellate function of review, and both agreed that if we concluded that the constitutional claim is properly before us in this appeal, then the matter would

need to be remanded for the district court to make findings concerning the factors set forth above. See *State v. Vasquez*, 16 Neb. App. 406, 744 N.W.2d 500 (2008) (when trial court's findings are incomplete, appellate court must remand for further consideration).

Because Johnson properly raised his claim asserting violation of his constitutional right to speedy trial and because the district court failed to address the issue and make appropriate findings concerning the factors set forth above, we must remand the matter to the district court for further consideration and findings.

### 3. Due Process Assertions

Finally, Johnson argues that the court erred in not finding a violation of his due process rights. It is not apparent what due process rights Johnson was asserting in this case, beyond his rights to speedy trial already discussed above.

[19,20] The Nebraska Supreme Court has noted that the Fifth Amendment has only a limited role to play in protecting against oppressive delay in the criminal context. *State v. Hettle*, 288 Neb. 288, 848 N.W.2d 582 (2014). It is the measure against which prearrest or preindictment delay is scrutinized. *Id*. In *State v. Hettle, supra*, the court noted that it was aware of no case in which the Fifth Amendment was applied to a claim for delay in bringing an accused to trial after arrest or indictment. Moreover, the due process claimant's burden is a heavy one, requiring a showing of both substantial actual prejudice resulting from the delay and bad faith on the part of the government. *State v. Hettle, supra*.

In this case, Johnson has not demonstrated any violation of due process rights. This assertion on appeal is without merit.

### V. CONCLUSION

We find no merit to Johnson's assertion concerning his statutory speedy trial claim. With respect to his constitutional speedy trial claim, we remand the matter with directions for further consideration.

Affirmed in part, and in part remanded with directions.