IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

STATE V. TREVINO

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLEE,

V.

AUGUSTINA TREVINO, APPELLANT.

Filed June 4, 2024.    No. A-23-689.

Appeal from the District Court for Scotts Bluff County: ANDREA D. MILLER, Judge. Affirmed.

Michael W. Meister, Deputy Scotts Bluff County Public Defender, for appellant.

Michael T. Hilgers, Attorney General, and Erin E. Tangeman for appellee.

MOORE, ARTERBURN, and WELCH, Judges.

MOORE, Judge.

INTRODUCTION

Augustina Trevino appeals from the order of the District Court for Scotts Bluff County denying her motion for discharge based upon the alleged violation of her statutory right to a speedy trial. For the reasons set forth herein, we affirm.

STATEMENT OF FACTS

On October 13, 2022, a complaint was filed in the Scotts Bluff County Court, charging Trevino with possession of methamphetamine, a Class IV felony; possession of drug paraphernalia, an infraction; and obstructing a peace officer, a Class I misdemeanor. That same day, the State issued a citation commanding Trevino to appear before the county court on November 4, though there is no record that Trevino was ever served the citation. Trevino did not appear in court on the scheduled hearing date.

- 1 -

On April 17, 2023, the county court issued an order for the State to show cause why the case should not be dismissed for lack of prosecution. The State then issued a citation in lieu of arrest on April 25, ordering Trevino to appear before the county court on May 5. That same day, a service return was filed demonstrating that Trevino had been served the citation in lieu of arrest. Trevino did not appear as ordered on May 5, and on May 10, the State filed an amended complaint adding a fourth charge: failure to appear on citation, a Class III misdemeanor. After Trevino was arrested on a warrant issued by the county court, the case was bound over to district court on May 24.

An information was filed in district court on June 1, 2023, charging Trevino with the same four offenses alleged in the amended complaint. A hearing was held the following day. Trevino entered a plea of not guilty to all charges, and the court ordered reciprocal discovery, set a deadline for pretrial motions, and scheduled a pretrial conference. The court also set Trevino's trial for the jury term beginning on September 5.

On August 15, 2023, Trevino filed a motion for absolute discharge on statutory speedy trial grounds. A hearing on the motion was held and the district court received the county court transcript into evidence. At the hearing, Trevino argued that the Nebraska Supreme Court case *State v. Chapman*, 307 Neb. 443, 949 N.W.2d 490 (2020), was controlling, as it held that the speedy trial clock commenced upon the filing of the complaint in county court. Trevino asserted that more than 6 months had expired since the complaint was filed in this case.

The district court denied Trevino's motion to discharge from the bench. The court found that, pursuant to *State v. Timmerman*, 12 Neb. App 934, 687 N.W.2d 24 (2004), and Neb. Rev. Stat. § 29-1207 (Reissue 2016), the start date for speedy trial purposes in Trevino's case was the date of the information's filing. The court further found that the time that had passed during the county court proceedings was not included in calculating the 6-month period. Because less than 6 months had passed since the filing of the information, Trevino's statutory right to a speedy trial had not been violated. That same day, the court filed a written order consistent with its ruling at the hearing.

Trevino appeals.

ASSIGNMENT OF ERROR

Trevino assigns, consolidated and restated, that the district court erred in denying Trevino's motion for absolute discharge, as Trevino was not brought to trial within 6 months of the filing of the initial complaint in county court.

STANDARD OF REVIEW

Generally, a trial court's determination as to whether charges should be dismissed on speedy trial grounds is a factual question which will be affirmed on appeal unless clearly erroneous. *State v. Webb*, 311 Neb. 694, 974 N.W.2d 317 (2022).

ANALYSIS

Trevino contends that the district court erred in denying her motion for discharge based upon the alleged violation of her statutory right to a speedy trial. She claims that the time the complaint was pending in county court should be tacked on for purposes of the speedy trial

calculation. We note that Trevino has not alleged that her constitutional right to a speedy trial has been violated, and thus, we will not address that issue.

The statutory right to a speedy trial is set forth in § 29-1207 and Neb. Rev. Stat. § 29-1208 (Reissue 2016). Under § 29-1207(1), "[e]very person indicted or informed against for any offense shall be brought to trial within six months, and such time shall be computed as provided in this section." Section 29-1207(2) generally provides that the 6-month period "shall commence to run from the date the indictment is returned or the information filed." Section 29-1207(4) provides for the exclusion of certain periods of delay from the speedy trial calculation. To calculate the deadline for trial under the speedy trial statutes, a court must exclude the day the State filed the information, count forward 6 months, back up 1 day, and then add any time excluded under § 29-1207(4). *State v. Blocher*, 307 Neb. 874, 951 N.W.2d 499 (2020).

In *State v. Boslau*, 258 Neb. 39, 43, 601 N.W.2d 769, 772-73 (1999), the Nebraska Supreme Court held:

> Ordinarily, when an individual is charged with the commission of a felony such as criminal mischief, a complaint is filed in county court. See, generally, Neb. Rev. Stat. § 29-110 (Reissue 1995). Thereafter, a preliminary hearing is held to determine if probable cause exists to charge the defendant with the commission of the crime or crimes as alleged in the complaint. Neb. Rev. Stat. § 29-504 (Reissue 1995). If probable cause is found, the defendant is bound over to the district court, where he or she is held unless bail is set and posted. Neb. Rev. Stat. § 29-506 (Reissue 1995). Once the defendant is bound over to district court, the State files an information with the district court, setting forth the charge or charges against the defendant. Under the foregoing scenario, pursuant to § 29-1207, the statutory 6-month speedy trial period begins to run upon the filing of the information in district court which is subsequent to the preliminary hearing. § 29-1607.

Notwithstanding that explicit statement of the rule governing the commencement of the speedy trial clock, Trevino argues that *State v. Boslau* and subsequent Nebraska appellate case law regarding speedy trial were wrongly decided. She contends that because the court in *Boslau* focused on the words "informed against" and ignored the language in § 29-1207(1) concerning an individual being "indicted," the Nebraska appellate courts have drawn the incorrect conclusion that only the time after an information is filed is to be counted for speedy trial purposes. Trevino also asserts that the wrongly decided appellate case law has erroneously created a difference between felonies and misdemeanors for purposes of counting time, contrary to the intention of the Legislature during the drafting of § 29-1207.

Trevino has been charged with a felony, two misdemeanors, and an infraction. The Nebraska Supreme Court in *State v. Born*, 190 Neb. 767, 212 N.W.2d 581 (1973), decided shortly after § 29-1207 had been enacted, found that where a felony offense is involved, the 6-month period commences to run from the date the indictment is returned or the information is filed and not from the time the complaint is filed. See L.B. 436, 57th Legislature (1971). The court explained that a "complaint serves the same purpose in a misdemeanor proceeding in the county or municipal court as the information serves in a felony proceeding in the District Court." See *State v. Born*, 190 Neb. at 769, 212 N.W.2d at 583.

The court in *Born* went on to observe that the Legislature did not specifically address the problem of setting statutory time limits for procedures in felony cases prior to the return of an indictment or the filing of an information. While it may be assumed the Legislature contemplated that proceedings prior to the filing of an information in felony cases would be carried out without unreasonable delay, the Legislature did not make the statute applicable to such proceedings. See *State v. Born, supra*. The court concluded that though § 29-1207 does not apply to proceedings prior to the filing of an information in a felony case, those proceedings are still a part of a criminal prosecution and subject to the constitutional guaranty of a speedy trial. *Id*. The constitutional right to a speedy trial and the statutory implementation of that right under § 29-1207 exist independently of each other. *Id*. The fact that § 29-1207 does not apply to proceedings or delay occurring prior to the filing of an information in a felony case in no way lessens the duty of the State to provide the defendant with a speedy trial as required by the Constitution. *Id*. As noted above, Trevino has not alleged that her constitutional right to a speedy trial has been violated.

We also disagree with the contention that the court in *Boslau* was ignoring the "indicted" language in § 29-1207(1). Rather, the defendant in *Boslau* was charged with a felony by information, making the information, and not an indictment, the relevant filing for speedy trial purposes. See *State v. Boslau*, 258 Neb. 39, 601 N.W.2d 769 (1999). Thus, the Supreme Court was applying only the relevant language of § 29-1207(1) to facts of the case.

The Nebraska appellate courts have long held that the statutory 6-month speedy trial period begins to run upon the filing of the information in district court. The time during which an underlying complaint is pending in county court before the defendant is bound over to district court is not counted. See *State v. Timmerman*, 12 Neb. App. 934, 687 N.W.2d 24 (2004).

Despite this precedent, Trevino argues that *State v. Chapman*, 307 Neb. 443, 949 N.W.2d 490 (2020), requires the speedy trial clock to commence upon the filing of the complaint in county court. However, *Chapman* is inapplicable as it involved only misdemeanor offenses that were to be tried in county court, making the operative filing the complaint. *Chapman* does not stand for the proposition that the speedy trial calculation for charges that are later bound over to district court must include the time an underlying complaint was pending in county court. Rather, as noted by the State in its brief, the recent Nebraska Supreme Court speedy trial case involving a felony offense, as is the case here, used the information filing date to commence the calculations, and the court did not include the time that passed in county court. See *State v. Nelson*, 313 Neb. 464, 984 N.W.2d 620 (2023).

In the instant case, the State filed the information against Trevino in district court on June 1, 2023. Excluding the day the information was filed, counting forward 6 months, and backing up 1 day, the statutory speedy trial clock would have run initially on December 1. Trevino briefly argues that the State offered no evidence in support of time to be excluded from the speedy trial discharge, and thus she was entitled to an absolute discharge. However, there was no time to be excluded under § 29-1207(4), as the only motion made following the filing of the information was Trevino's motion for absolute discharge.

Trevino's August 15, 2023, motion for absolute discharge was filed prior to the expiration of the 6-month speedy trial period. Trevino's statutory right to a speedy trial was not violated, the district court correctly denied her motion for absolute discharge, and Trevino has waived her statutory right to a speedy trial. A defendant waives his or her statutory right to a speedy trial when

the period of delay resulting from a continuance granted at the request of the defendant or his or her counsel extends the trial date beyond the statutory 6-month period. *State v. Mortensen*, 287 Neb. 158, 841 N.W.2d 393 (2014) (motion to discharge is considered request for continuance and results in waiver).

## CONCLUSION

We conclude that Trevino's statutory right to a speedy trial was not violated. Accordingly, the district court did not err when it denied Trevino's motion on that basis.

AFFIRMED.