Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
04/04/2018 12:19 AM CDT

State of Nebraska, appellee, v.
Kim M. Carrera, appellant.
___ N.W.2d ___

Filed March 27, 2018.    No. A-17-098.

1. **Judgments: Speedy Trial: Appeal and Error.** Generally, a trial court's
   determination as to whether charges should be dismissed on speedy trial
   grounds is a factual question which will be affirmed on appeal unless
   clearly erroneous.
2. **Statutes: Appeal and Error.** Statutory interpretation presents a ques-
   tion of law, which an appellate court reviews independently of the lower
   court's determination.
3. **Speedy Trial.** The statutory right to a speedy trial is set forth in Neb.
   Rev. Stat. §§ 29-1207 and 29-1208 (Reissue 2016).
4. ____. To calculate the deadline for trial under the speedy trial statutes, a
   court must exclude the day the State filed the information, count forward
   6 months, back up 1 day, and then add any time excluded under Neb.
   Rev. Stat. § 29-1207(4) (Reissue 2016).
5. ____. Under Neb. Rev. Stat. § 29-1208 (Reissue 2016), if a defendant
   is not brought to trial before the running of the time for trial as pro-
   vided for in Neb. Rev. Stat. § 29-1207 (Reissue 2016), as extended by
   excluded periods, he or she shall be entitled to his or her absolute dis-
   charge from the offense charged and for any other offense required by
   law to be joined with that offense.
6. **Speedy Trial: Proof.** The burden of proof is upon the State to show
   that one or more of the excluded time periods under Neb. Rev. Stat.
   § 29-1207(4) (Reissue 2016) are applicable when the defendant is not
   tried within 6 months.
7. ____: ____. To overcome a defendant's motion for discharge on speedy
   trial grounds, the State must prove the existence of an excludable period
   by a preponderance of the evidence.
8. **Speedy Trial: Complaints: Indictments and Informations.** For cases
   commenced with a complaint in county court but thereafter bound over

to district court, the 6-month statutory speedy trial period does not commence until the filing of the information in district court.

9. **Speedy Trial: Pretrial Procedure.** The plain terms of Neb. Rev. Stat. § 29-1207(4)(a) (Reissue 2016) exclude all time between the time of the filing of a defendant's pretrial motions and their final disposition, regardless of the promptness or reasonableness of the delay. The excludable period commences on the day immediately after the filing of a defendant's pretrial motion. Final disposition under § 29-1207(4)(a) occurs on the date the motion is granted or denied.

10. **Speedy Trial: Pretrial Procedure: Presumptions.** Pursuant to Neb. Rev. Stat. § 29-1207(4)(a) (Reissue 2016), it is presumed that a delay in hearing defense pretrial motions is attributable to the defendant unless the record affirmatively indicates otherwise.

11. **Speedy Trial: Indictments and Informations.** The time between dismissal of an information and refiling is not includable, or is tolled, for purposes of the statutory 6-month period. However, any nonexcludable time that passed under the original information is tacked onto any nonexcludable time under the refiled information, if the refiled information alleges the same offense charged in the previously dismissed information.

12. **Speedy Trial: Preliminary Hearings: Waiver: Complaints: Indictments and Informations.** If an information is filed initially in district court, referred to as a "direct information," such filing is treated in the nature of a complaint until a preliminary hearing is held or waived.

13. **Speedy Trial: Preliminary Hearings: Probable Cause: Waiver: Indictments and Informations.** In the case of a direct information, the day the information is filed for speedy trial act purposes is the day the district court finds probable cause or the day the defendant waives the preliminary hearing.

14. **Speedy Trial: Waiver: Appeal and Error.** A defendant's motion to discharge based on statutory speedy trial grounds will be deemed to be a waiver of that right under Neb. Rev. Stat. § 29-1207(4)(b) (Reissue 2016) where (1) the filing of such motion results in the continuance of a timely trial to a date outside the statutory 6-month period, as calculated on the date the motion to discharge was filed, (2) discharge is denied, and (3) that denial is affirmed on appeal.

15. **Constitutional Law: Judgments: Speedy Trial: Appeal and Error.** Although there is no right to interlocutory appeal solely concerning a constitutional right to speedy trial, the overruling of a motion alleging the denial of a speedy trial based upon constitutional grounds pendent

to a nonfrivolous statutory claim may be reviewed on appeal from that order.

16. **Constitutional Law: Speedy Trial.** Determining whether a defendant's constitutional right to a speedy trial has been violated requires a balancing test in which the courts must approach each case on an ad hoc basis. This balancing test involves four factors: (1) length of delay, (2) the reason for the delay, (3) the defendant's assertion of the right, and (4) prejudice to the defendant. None of these four factors standing alone is a necessary or sufficient condition to the finding of a deprivation of the right to speedy trial. Rather, the factors are related and must be considered together with other circumstances as may be relevant.

Appeal from the District Court for Sarpy County: William B. Zastera, Judge. Affirmed.

Joseph Kuehl, of Lefler, Kuehl & Burns, for appellant.

Douglas J. Peterson, Attorney General, and Kimberly A. Klein for appellee.

Moore, Chief Judge, and Inbody and Bishop, Judges.

Bishop, Judge.

## I. INTRODUCTION

Kim M. Carrera appeals the Sarpy County District Court's order overruling her motion for absolute discharge, which alleged violations of her statutory and constitutional rights to a speedy trial. We affirm.

## II. BACKGROUND

This case is somewhat complicated because there are three criminal charges involved. Two of the charges were initially filed as separate cases (Sarpy County District Court cases Nos. CR15-586 and CR15-631), but were dismissed. The 6-month speedy trial clock would have started to run on those two charges when filed, would have stopped when dismissed, and then would have restarted when refiled in the current case, which also has one new charge (Sarpy County District Court case No. CR15-851).

## 1. Sarpy County District Court
## Case No. CR15-586

The State initially filed a criminal complaint in the county court for Sarpy County on August 31, 2015, charging Carrera with one count of second degree sexual assault of a protected individual, a Class IV felony, under Neb. Rev. Stat. § 28-322.04(2) and (4) (Reissue 2008). The complaint alleged that the victim was C.W. and that the incident occurred on August 27. (We note that Carrera's alleged offense occurred prior to August 30, 2015, the effective date of 2015 Neb. Laws, L.B. 605, which changed the classification of certain crimes and made certain amendments to Nebraska's sentencing laws.) On September 4, Carrera filed a waiver of preliminary hearing, and the case was bound over to district court on September 8.

On September 16, 2015, the State filed an information in the Sarpy County District Court charging Carrera with one count of second degree sexual assault of a protected individual, a Class IV felony, under § 28-322.04(2) and (4). The information alleged that the victim was C.W. and that the incident occurred on August 27.

Also on September 16, 2015, Carrera filed separate motions to take depositions and for discovery; the motion to take depositions included various witnesses, one of which was the alleged victim, C.W. Carrera's written motion for discovery was denied after a hearing on September 21; however, oral motions for discovery and to depose C.W. were granted (it is not clear whether the written motion to take depositions—which included individuals other than C.W.—was ever ruled on).

On October 26, 2015, Carrera filed separate motions to compel and to release property. These motions do not appear to have been resolved prior to the dismissal below.

On November 3, 2015, the State filed a motion to dismiss the case without prejudice. The district court filed its order of dismissal, without prejudice, on November 9.

## 2. Sarpy County District Court Case No. CR15-631

On September 16, 2015, the State filed a "Direct Information" in the Sarpy County District Court charging Carrera with one count of child abuse, a Class IIIA felony, under Neb. Rev. Stat. § 28-707(1)(d) and (e) (Cum. Supp. 2014). The information alleged that the victim was C.W. and that the incident occurred on August 27. (Like Sarpy County District Court case No. CR15-586 summarized above, the date of this offense preceded the August 30, 2015, effective date of L.B. 605.)

On September 18, 2015, Carrera filed separate motions to take depositions and for discovery. These motions were not resolved prior to the dismissal below.

On September 21, 2015, upon motion by the State, the case was dismissed by the district court "due to it being a direct information"; the dismissal was without prejudice.

## 3. Sarpy County District Court Case No. CR15-851—Case on Appeal

After initially filing a criminal complaint and an amended criminal complaint in the county court for Sarpy County on October 27 and 28, 2015, the State filed a second amended criminal complaint on November 3, charging Carrera with the following: one count of tampering with physical evidence, a Class IV felony, under Neb. Rev. Stat. § 28-922 (Reissue 2016) (count I); one count of child abuse, a Class IIIA felony, under § 28-707(1)(d) and (e) (count II) (this is the same charge as was dismissed in Sarpy County District Court case No. CR15-631 above); and one count of second degree sexual abuse of a protected individual, a Class IV felony, under § 28-322.04(2) and (4) (count III) (this is the same charge as was dismissed in Sarpy County District Court case No. CR15-586 above). The State alleged that the victim was C.W. and that the incidents occurred between August 1 and 28 (all preceding the L.B. 605 effective date of August 30, 2015). On December 1, Carrera waived her right to a preliminary hearing and the case was bound over to district court.

On December 10, 2015, the State filed an information in the Sarpy County District Court charging Carrera with each count as described above. The information alleged that C.W. was the victim in counts II and III and, as amended on December 14, alleged that the incidents giving rise to all three counts occurred between August 1 and 28.

On December 10, 2015, Carrera filed a motion for depositions, which was granted by the court on December 14. Also on December 14, the court filed an order setting the case for a jury trial on March 15, 2016.

On December 18, 2015, Carrera filed a motion for a bill of particulars. The motion was to be heard on December 28, but the court, on its own motion, continued the hearing to December 30. In an order filed on December 31, the court denied Carrera's request for a bill of particulars.

On January 12, 13, and 15, 2016, Carrera filed motions for depositions. All three motions for depositions were granted on January 25.

While the above motions for depositions were pending, Carrera filed two motions to suppress on January 20, 2016. One motion sought to suppress evidence obtained as a result of two searches of her home and/or her arrest, as well as any statements she made at the time of the incident, her arrest, or during the two searches. The other motion sought to suppress evidence obtained as a result of the search of C.W.'s telephone and residence; the State later objected to this motion based on Carrera's "lack of standing." The court set an evidentiary hearing for February 4.

On February 4, 2016, Carrera filed a motion to continue the hearing on her motion to suppress scheduled for that day. Carrera alleged that on February 3, the Honorable Max J. Kelch (the district court judge in Carrera's case) was appointed as a Nebraska Supreme Court justice; the parties and Judge Kelch's bailiff had a telephone conference wherein the parties were informed that the hearing would not take place as scheduled and that the matter would be heard by a visiting

judge. During the telephone conference, "the [d]efense was asked to draw up" the motion to continue and defense counsel emphasized Carrera would not waive speedy trial and stood firm on her trial date set for March 15. On February 5, the district court (Judge Kelch) granted the motion to continue and ordered that the motions to suppress would be "set before Judge Zastera."

The trial docket case summary notes for February 9, 2016, state, "Case having been reassigned to the Honorable Wm. B. Zastera, Motion to Suppress now fixed for full hearing on April 28 . . . ." (Emphasis omitted.) But the summary notes for April 8 state that on the court's own motion, the "matter is now fixed for full hearing on the motion to suppress for April 22." And the summary notes for April 20 indicate that the "State's request for Continuance, over the vehement objection of [Carrera's] Counsel, is sustained. Matter now fixed for full hearing on Motion to Suppress on May 3 . . . . Hearing heretofore scheduled for April 22 . . . cancelled." (Emphasis omitted.)

On April 27, 2016, Carrera filed a stipulated motion to unseal search warrants, which motion was signed by her attorney and the State. On May 2, the court ordered the search warrants unsealed for the purpose of evaluating Carrera's motion to suppress, "set for hearing on May 3." However, on May 3, the court, on its own motion, continued the motion to suppress hearing to May 10.

On May 10, 2016, the matter came before the court on Carrera's motion to suppress. However, at the start of the hearing, the State asked for a continuance and offered into evidence the affidavit of Det. James Munsey of the Bellevue Police Department, which affidavit stated he was unavailable for the hearing that day because he was appearing as a witness in another trial. The court asked the defense if they objected. Carrera's counsel responded, "I guess I wouldn't object to the affidavit being received by you. But then as long as the objection is noted by defense in terms of a continuance, that

would be it from us." The court noted Carrera's objection, but found good cause for the continuance due to Detective Munsey appearing in another case. The matter was continued to June 17.

On June 17, 2016, the matter once again came before the court on the motion to suppress. However, Bellevue police officers Allison Evans and Roy Howell, two of the State's witnesses, were not available that day—Officer Evans was out of state on military leave until June 20 and Officer Howell was out of state on vacation until July 5. The State offered supporting affidavits regarding the officers' absences into evidence, and they were received without objection. The State intended to go forward without Officer Howell that day, but could not proceed without Officer Evans, who was the "primary contact officer." However, Carrera's counsel preferred to "have one day to do everything and not bifurcate it"; that was the court's preference as well. As a result, the matter was continued to August 2.

On July 28, 2016, Carrera filed an amended motion to suppress. The amended motion, regarding the search of her residence and her arrest, added an additional allegation in support of her motion.

After a hearing on August 2, 2016, the court filed its opinion and order on August 22 overruling Carrera's motion to suppress. The matter was set for a pretrial hearing on September 16.

At the pretrial hearing on September 16, 2016, the matter was set for a jury trial on November 10.

On November 3, 2016, Carrera filed a motion for dismissal and/or absolute discharge based on the alleged violations of both her statutory and constitutional rights to a speedy trial. The motion was set for hearing on November 7. The trial docket summary notes for November 7 state: "On Motion of [Carrera's] Counsel, matter continued to December 12 . . . . Trial heretofore scheduled for November 10 . . . cancelled pending ruling on Motion to Discharge." (Emphasis omitted.)

On December 12, 2016, the matter came before the court on Carrera's motion to dismiss and for absolute discharge. The court issued an opinion and order on January 3, 2017, overruling Carrera's motion to discharge. The court found varying days remained in which to bring Carrera to trial on each of the respective counts charged. The court found there was no violation of her statutory or constitutional right to a speedy trial.

Carrera appeals.

## III. ASSIGNMENTS OF ERROR

Carrera assigns, consolidated and restated, that the district court erred (1) in failing to grant her motion for dismissal and/or absolute discharge on the grounds that her statutory and constitutional speedy trial rights were violated and (2) in its calculation of the includable and excludable days for purposes of Neb. Rev. Stat. §§ 29-1207 and 29-1208 (Reissue 2016).

## IV. STANDARD OF REVIEW

[1] Generally, a trial court's determination as to whether charges should be dismissed on speedy trial grounds is a factual question which will be affirmed on appeal unless clearly erroneous. *State v. Gill*, 297 Neb. 852, 901 N.W.2d 679 (2017).

[2] Statutory interpretation presents a question of law, which an appellate court reviews independently of the lower court's determination. *Id*.

## V. ANALYSIS

### 1. Statutory Speedy Trial Claim

[3-7] The statutory right to a speedy trial is set forth in §§ 29-1207 and 29-1208. *State v. Vela-Montes*, 287 Neb. 679, 844 N.W.2d 286 (2014). Under § 29-1207(1), "Every person indicted or informed against for any offense shall be brought to trial within six months, and such time shall be computed as provided in this section." To calculate the deadline for trial under the speedy trial statutes, a court must exclude the day the State filed the information, count forward 6 months, back

up 1 day, and then add any time excluded under § 29-1207(4). *State v. Vela-Montes, supra.* Under § 29-1208, if a defendant is not brought to trial before the running of the time for trial as provided for in § 29-1207, as extended by excluded periods, he or she shall be entitled to his or her absolute discharge from the offense charged and for any other offense required by law to be joined with that offense. *State v. Vela-Montes, supra.* The burden of proof is upon the State to show that one or more of the excluded time periods under § 29-1207(4) are applicable when the defendant is not tried within 6 months. *State v. Williams*, 277 Neb. 133, 761 N.W.2d 514 (2009). To overcome a defendant's motion for discharge on speedy trial grounds, the State must prove the existence of an excludable period by a preponderance of the evidence. *Id.*

[8] For cases commenced with a complaint in county court but thereafter bound over to district court, the 6-month statutory speedy trial period does not commence until the filing of the information in district court. *State v. Hettle*, 288 Neb. 288, 848 N.W.2d 582 (2014).

This case commenced with the filing of a criminal complaint against Carrera in county court, but was thereafter bound over to the district court. The original information was filed in district court on December 10, 2015. Thus, in the absence of any excludable period, the 6-month period in which the State was required to bring Carrera to trial in Sarpy County District Court case No. CR15-851 would have ended on June 10, 2016. As will be discussed later, this is the speedy trial clock for count I (tampering with physical evidence). The speedy trial clock for counts II (child abuse) and III (second degree sexual abuse of protected individual) may be different because of the tacking and tolling of time from those charges being dismissed in earlier cases and refiled in this case.

[9,10] We must add any time excluded under § 29-1207(4) to the original speedy trial deadline to determine the last permissible day to bring Carrera to trial on each count. Under § 29-1207(4), as relevant in this case:

The following periods shall be excluded in computing the time for trial:

(a) The period of delay resulting from other proceedings concerning the defendant, including, but not limited to, an examination and hearing on competency and the period during which he or she is incompetent to stand trial; the time from filing until final disposition of pretrial motions of the defendant, including motions to suppress evidence, motions to quash the indictment or information, demurrers and pleas in abatement, and motions for a change of venue; and the time consumed in the trial of other charges against the defendant;

(b) The period of delay resulting from a continuance granted at the request or with the consent of the defendant or his or her counsel. . . . A defendant is deemed to have waived his or her right to speedy trial when the period of delay resulting from a continuance granted at the request of the defendant or his or her counsel extends the trial date beyond the statutory six-month period;

(c) The period of delay resulting from a continuance granted at the request of the prosecuting attorney, if:

(i) The continuance is granted because of the unavailability of evidence material to the state's case, when the prosecuting attorney has exercised due diligence to obtain such evidence and there are reasonable grounds to believe that such evidence will be available at the later date; [and]

. . . .

(f) Other periods of delay not specifically enumerated in this section, but only if the court finds that they are for good cause.

The plain terms of § 29-1207(4)(a) exclude all time between the time of the filing of a defendant's pretrial motions and their final disposition, regardless of the promptness or reasonableness of the delay. *State v. Williams*, 277 Neb. 133, 761 N.W.2d 514 (2009). Such motions include a defendant's motion to suppress evidence and a motion for discovery filed

by the defendant. *Id*. The excludable period commences on the day immediately after the filing of a defendant's pretrial motion. *Id*. Final disposition under § 29-1207(4)(a) occurs on the date the motion is "'"'"granted or denied.'"'"'" *State v. Williams*, 277 Neb. at 141, 761 N.W.2d at 522. "Pursuant to § 29-1207(4)(a), it is presumed that a delay in hearing defense pretrial motions is attributable to the defendant unless the record affirmatively indicates otherwise." *State v. Williams*, 277 Neb. at 141, 761 N.W.2d at 522.

(a) Time on All Three Counts in District
Court Case No. CR15-851

The district court found that "363 total days have run on the speedy trial clock in CR 15-851. Of those days, . . . 292 days were tolled" for various motions and continuances, but the court does not give the specific number of days tolled for each item mentioned. The only other specific reference to the number of days excluded in district court case No. CR15-851 follows an entry for August 22, 2016, which states, "[Carrera's] motion to suppress is denied. Speedy trial clock restarts (212 days excluded)." However, we cannot tell when that 212 days started. If the 212 days were continuous, it would mean the excludable period started on Saturday, January 23, a date that is not supported by this record. And if the time started when Carrera filed her motion to suppress on January 20, 212 days later would be Friday, August 19, which was before the motion was ruled on. In short, because the district court did not provide specific calculations, we are unable to explain where the district court's numbers come from. As stated in *State v. Williams*:

> Effective March 9, 2009, when ruling on a motion for absolute discharge pursuant to § 29-1208, the trial court shall make specific findings of each period of delay excludable under § 29-1207(4)(a) to (e), in addition to the findings under § 29-1207(4)(f) currently required by [*State v. Alvarez*, 189 Neb. 281, 202 N.W.2d 604 (1972)]. Such findings shall include the date and nature of the

proceedings, circumstances, or rulings which initiated and concluded each excludable period; *the number of days composing each excludable period*; and the number of days remaining in which the defendant may be brought to trial after taking into consideration all excludable periods.

277 Neb. at 143-44, 761 N.W.2d at 524 (emphasis supplied).

We will conduct a speedy trial calculation based on our review of the record in order to determine whether the district court was clearly erroneous in overruling Carrera's motion for absolute discharge. As stated previously, the original information was filed in district court on December 10, 2015. Thus, in the absence of any excludable period, the 6-month period in which the State was required to bring Carrera to trial in Sarpy County District Court case No. CR15-851 would have ended on June 10, 2016. Obviously, no trial had taken place almost 5 months after that original deadline when Carrera filed her motion for absolute discharge on November 3. We now consider what excludable periods would have properly extended the original June 10 deadline.

On December 10, 2015, the same day the information was filed, Carrera filed a motion for depositions, which was disposed of on December 14. The period of time from the day after the defendant filed a motion for depositions until the trial court authorized the depositions should be excluded under § 29-1207(4)(a). See *State v. Williams*, 277 Neb. 133, 761 N.W.2d 514 (2009). See, also, *State v. Feldhacker*, 267 Neb. 145, 672 N.W.2d 627 (2004) (first excludable day was day after defendant filed pretrial motions; cases suggesting different method of computation disapproved). Thus, 4 days are excluded. We note that in Carrera's brief, she failed to account for this excludable period.

On December 18, 2015, Carrera filed a motion for a bill of particulars, which was denied on December 31. Thus, 13 days are excluded. In Carrera's brief, she agrees that this time is excludable.

On January 12, 13, and 15, 2016, Carrera filed motions for depositions. Those motions were still pending on January 20, when Carrera filed her motions to suppress. The motions for depositions were resolved on January 25, but the motions to suppress were repeatedly continued and not resolved until August 22. The excludable times overlap, and if all of the time for the motions to suppress is excluded, then a total of 223 days is excluded (January 12 to August 22). The State argues this is the correct number of days excluded. If all 223 days are excluded (January 12 to August 22), then a total of 240 days (4 + 13 + 223) must be added to the original speedy trial deadline of June 10. Adding 240 days takes us to Sunday, February 5, 2017, making the last permissible day for trial Monday, February 6 (without taking into account any additional time considerations for counts II and III as discussed later in this opinion). If the last permissible day for trial was February 6, then the speedy trial clock had not yet expired when Carrera filed her motion for discharge on November 3, 2016.

However, Carrera argues that certain time periods after her motions to suppress were filed, but before they were ruled on, should not be attributable to her. Specifically, she argues the court erred in excluding the 76 days that fell between February 4 and April 20, 2016, because those days were attributable to the court. She further argues the court erred in excluding the days that passed since April 20 to August 22, because those delays were wholly attributable to the State. Those dates, and our determinations, are as follows.

### (i) February 4 to April 20, 2016

On February 4, 2016, Carrera filed a motion to continue the hearing on her motions to suppress scheduled for that day, apparently at the direction of the court, due to Judge Kelch's appointment to the Nebraska Supreme Court. On February 5, Judge Kelch granted the motion to continue and ordered that the motions to suppress would be "set before Judge Zastera," who, on February 9, set the hearing for April 28. But, on

April 8, on the court's own motion, the hearing was set for
April 22. Then, on April 20, over the defense's objection, the
court sustained the State's request for a continuance, and the
hearing was set for May 3.

Carrera relies on *State v. Wilcox*, 224 Neb. 138, 395 N.W.2d
772 (1986), to argue the 76 days outlined above should be
attributable to the court and should not have been excluded
in computing the time for trial. In *Wilcox*, the Nebraska
Supreme Court held that a defendant was denied his right to
a speedy trial where a motion to suppress filed by the defend-
ant was not ruled on until 1 year 7 months 24 days after it
was filed. The motion was first heard less than 2 weeks after
filing, but was continued for further hearing (which was to be
held slightly over 1 month after the motion to suppress was
filed). However, the further hearing was not held at that time
because the judge recused himself (there was a nearly 2-month
delay from the time the judge notified counsel of his intent to
recuse himself and the formal recusal, at which time a sec-
ond judge contacted counsel). Thereafter, the record indicated
no action in the case for 1 year 4 months 10 days. Then, a
third judge received the transcript on the hearing conducted
before the first judge and ruled on the motion 16 days later.
The Nebraska Supreme Court concluded that the defendant's
rights under § 29-1207 had been violated. The court said under
§ 29-1207(4)(a), generally, the time from filing to final dis-
position of the defendant's pretrial motions is excluded from
computation. However, in addressing the time period after the
substituted judge had been assigned to the case, the Nebraska
Supreme Court said that for 16 days of the 1-year 4-month
26-day period from the formal recusal to resolution, the record
showed the motion was actively under advisement; the rest of
the time in question it lay dormant. "This delay cannot con-
ceivably be described as a reasonable, ordinary consequence
of filing one motion." *State v. Wilcox*, 224 Neb. at 142, 395
N.W.2d at 774. Referencing § 29-1207(4)(f), the court found
that judicial delay, absent a showing of good cause, does not

suspend a defendant's right to a speedy trial. "[A] court cannot table a motion and thereby suspend the defendant's right where judicial delay [without a showing of good cause under § 29-1207(4)(f)] would otherwise warrant discharge." *State v. Wilcox*, 224 Neb. at 143, 395 N.W.2d at 775.

However, the Nebraska Supreme Court has "clarified *Wilcox* by pointing out that where the excludable period properly falls under § 29-1207(4)(a) rather than the catchall provision of § 29-1207(4)(f), no showing of reasonableness or good cause is necessary to exclude the delay." *State v. Turner*, 252 Neb. 620, 629, 564 N.W.2d 231, 237 (1997). See, also, *State v. Lafler*, 225 Neb. 362, 405 N.W.2d 576 (1987), *abrogated on other grounds, State v. Oldfield*, 236 Neb. 433, 461 N.W.2d 554 (1990). The Nebraska Supreme Court has said that

unlike the requirement in § 29-1207(4)(f) that any delay be for "good cause," conspicuously absent from § 29-1207(4)(a) is any limitation, restriction, or qualification of the time which may be charged to the defendant as a result of the defendant's motions. Rather, the plain terms of § 29-1207(4)(a) exclude all time between the time of the filing of the defendant's pretrial motions and their final disposition, regardless of the promptness or reasonableness of the delay.

*State v. Turner*, 252 Neb. at 629, 564 N.W.2d at 237. See, also, *State v. Lafler, supra*.

In *State v. Turner, supra*, an information was filed by the State against the defendant on July 15, 1994, charging him with numerous crimes. The defendant filed four discovery motions on September 26 that were set to be heard on October 5, but no hearing was held on that date. On January 5, 1995, the State moved for a continuance on the grounds that the Federal Bureau of Investigation had not completed its DNA analysis of certain evidence. The defendant opposed the motion, but the trial court granted the continuance, finding that under § 29-1207(4)(c)(i) there was a legitimate pursuit of evidence which had not yet been obtained through

no fault of the prosecution. Trial was set for the March jury panel. But on February 8, the defendant moved to dismiss based on violations of his statutory and constitutional rights to speedy trial. The defendant's motion was accompanied by a notice of hearing on February 14, but the motion was not heard that day. The defendant later filed additional motions. After a hearing on May 11, the defendant's motion to dismiss was overruled, with the trial court reiterating its finding that under § 29-1207(4)(c)(i), the continuance was for a legitimate pursuit of evidence. The defendant's motion to continue was granted, and a new trial date was set for July 17. But trial was continued on the defendant's motion. Trial eventually began on November 13, and the defendant was subsequently convicted of certain crimes.

On appeal, the defendant in *Turner* raised violations of his speedy trial rights, and the Nebraska Supreme Court considered what, if any, periods of time from July 15, 1994, to November 13, 1995, were properly excluded from the 6-month speedy trial computation. The court noted that neither the defendant's discovery motions nor his motion to suppress were held on their scheduled dates, but were instead all heard on May 11. The defendant argued that "only those periods during which the motions were reasonably pending, which he contend[ed] [was] that period between the initial filing and the first scheduled hearing, should be excluded." *State v. Turner*, 252 Neb. at 628, 564 N.W.2d at 237. After discussing *State v. Wilcox*, 224 Neb. 138, 395 N.W.2d 772 (1986), and *State v. Lafler*, 225 Neb. 362, 405 N.W.2d 576 (1987), the Nebraska Supreme Court held, "In the case at bar, the evidence does not establish that the delay in hearing [the defendant's] motion was attributable to judicial neglect." *State v. Turner*, 252 Neb. at 630, 564 N.W.2d at 238. The court said that "[t]o the contrary, the hearing on May 11, 1995, indicates that the reason for the delay was [the defendant's] counsel's failure to adequately pursue the motions." *Id*. "[I]t will be presumed that a delay in hearing defense pretrial motions is attributable

to the defendant unless the record affirmatively indicates otherwise." *Id.*

This court has also distinguished *State v. Wilcox, supra*. In *State v. Johnson*, 22 Neb. App. 747, 860 N.W.2d 222 (2015), the defendant argued that the time it took the district court to rule on a motion to suppress constituted an inordinate and unreasonable delay and that sometime during that delay, he was denied a speedy trial. The defendant filed a motion to suppress on January 17, 2013. The motion was heard on March 20, and the district court took the motion under advisement. The court entered an order overruling the motion to suppress on December 2. On appeal, this court noted that the defendant relied heavily on the outcome in *State v. Wilcox, supra*, as support for his assertion that even though the period of time at issue in his case involved the period of time it took the court to rule on his pretrial motion to suppress, it was an unreasonable period of time for such a ruling and constituted judicial delay without a showing of good cause. However, this court said:

> Since its ruling in *State v. Wilcox, supra*, the Nebraska Supreme Court has clarified its ruling and consistently rejected the argument that [the defendant] makes in this case, by drawing a distinction between cases where the period of delay properly falls under § 29-1207(4)(a) and cases where the period of delay properly falls under the catchall provision of § 29-1207(4)(f). See, *State v. Covey*, 267 Neb. 210, 673 N.W.2d 208 (2004); *State v. Turner*[, 252 Neb. 620, 564 N.W.2d 231 (1997)]; *State v. Lafler*, 225 Neb. 362, 405 N.W.2d 576 (1987), *abrogated on other grounds, State v. Oldfield*, 236 Neb. 433, 461 N.W.2d 554 (1990). In *State v. Lafler, supra*, the court clarified that where the excludable period properly falls under § 29-1207(4)(a) rather than the catchall provision of § 29-1207(4)(f), no showing of reasonableness or good cause is necessary to exclude the delay.
>
> The court explained that the delay in *State v. Wilcox*, 224 Neb. 138, 395 N.W.2d 772 (1986), was *not* based on

one of the specifically enumerated or described periods of delay under § 29-1207(4)(a). *State v. Lafler, supra*. Rather, the delay in *State v. Wilcox, supra*, in the court's actually assigning and hearing the defendant's motion was attributable to judicial neglect and fell under § 29-1207(4)(f), wherein other periods of delay not specifically enumerated are excludable, but only if the court finds that they are for good cause. *State v. Lafler, supra*.

*State v. Johnson*, 22 Neb. App. at 752-53, 860 N.W.2d at 227-28 (emphasis in original). This court said that the record demonstrated Johnson's motion was heard and taken under advisement and that "there [was] nothing to suggest any kind of judicial neglect comparable to that in *State v. Wilcox, supra*." *State v. Johnson*, 22 Neb. App. at 754, 860 N.W.2d at 228. Accordingly, we found that the district court correctly concluded the entire time attributed to the motion to suppress was properly excluded and that the court was not clearly erroneous in so holding.

We find the 76 days that fell between February 4 and April 20, 2016 (due to appointment of Judge Kelch to Nebraska Supreme Court, causing case to be reassigned), should be attributable to Carrera's motion to suppress as reasonable delay. Unlike in *State v. Wilcox*, 224 Neb. 138, 395 N.W.2d 772 (1986), there was no evidence of judicial neglect.

*(ii) April 20 to August 22, 2016*

On April 20, 2016, over the defense's objection, the court sustained the State's request for a continuance, and the hearing on the motions to suppress that had been set for April 22 was rescheduled for May 3. And on May 3, the court, on its own motion, continued the hearing on the motions to suppress to May 10. (We note there was an intervening motion filed on April 27, when Carrera filed a stipulated motion to unseal search warrants; on May 2, the court ordered the search warrants unsealed for the purpose of evaluating Carrera's motions to suppress.) There is no evidence as to why the State needed a continuance on April 20. Even though the State's motion to

continue occurred while Carrera's pretrial motions to suppress were still pending, we will give Carrera the benefit of assuming that the 20 days that fell between April 20 and May 10 should be attributable to the State (for its failure to make a showing under § 29-1207(c)) and thus should not be excludable from the speedy trial clock. See *State v. Williams*, 277 Neb. 133, 141, 761 N.W.2d 514, 522 (2009) ("[p]ursuant to § 29-1207(4)(a), it is presumed that a delay in hearing defense pretrial motions is attributable to the defendant unless the record affirmatively indicates otherwise").

On May 10, 2016, the matter came before the court on Carrera's motions to suppress. However, at the start of the hearing, the State asked for a continuance, due to the unavailability of Detective Munsey, who was appearing as a witness in another trial that same day. The court noted Carrera's objection to the continuance, but found good cause, and the matter was continued to June 17. There was no evidence as to why Detective Munsey was material to the State's case. Again, even though the State's motion to continue occurred while Carrera's pretrial motions to suppress were still pending, we will give Carrera the benefit of assuming that the 38 days that fell between May 10 and June 17 should be attributable to the State (for its failure to make a showing under § 29-1207(c)) and thus should not be excludable from the speedy trial clock. See *State v. Williams, supra*.

On June 17, 2016, the matter once again came before the court on the motions to suppress. And once again, the State requested a continuance, this time because two of the State's witnesses were unavailable—Officer Evans was on military leave and Officer Howell was on vacation. The State intended to go forward without Officer Howell that day, but could not proceed without Officer Evans, who was the "primary contact officer." However, Carrera's counsel's "suggestion" and preference was to "have one day to do everything and not bifurcate it"; that was the court's preference as well. As a result, the matter was continued to August 2. The motions to suppress were

heard on August 2 and denied on August 22. There were 46 days that fell between June 17 and August 2. These days were excludable from the speedy trial clock under § 29-1207(4)(a) (due to Carrera's pretrial motions to suppress), and/or § 29-1207(4)(b) (continuance granted at request or with consent of defendant or his or her counsel). The 20 days (August 2 to 22) that the motions to suppress were under advisement are properly attributable to Carrera and are excluded from the speedy trial clock.

### (iii) Calculation of Time

Before recalculating, we recall that the original speedy trial deadline was June 10, 2016. When adding the total possible excludable dates between December 10, 2015, and August 22, 2016, we reached a total of 240 days. That resulted in Monday, February 6, 2017, being the last possible day for trial. However, as stated in our discussion above, we will assume that 58 days during the pendency of Carrera's motions to suppress were attributable to the State. This reduces the 240 excludable days we calculated earlier to a total of 182 days excluded between December 10, 2015, and August 22, 2016 (240 − 58 = 182). Adding the 182 excludable days to the original speedy trial deadline of June 10, makes the last permissible day for trial Friday, December 9, 2016. Because Carrera's motion to discharge was filed on November 3, the speedy trial clock would not have run, at least as to count I (tampering with physical evidence), which was a charge that was initially filed in this case. Accordingly, as to count I, the court did not err in overruling Carrera's motion for discharge based upon her statutory right to a speedy trial.

[11] However, the speedy trial clock for counts II (child abuse) and III (second degree sexual abuse of protected individual) may be different because of the tacking and tolling of time from those charges being dismissed in earlier cases and refiled in this case. See *State v. Hettle*, 288 Neb. 288, 848 N.W.2d 582 (2014) (time between dismissal of information and refiling is not includable, or is tolled, for purposes of

statutory 6-month period; however, any nonexcludable time that passed under original information is tacked onto any nonexcludable time under refiled information, if refiled information alleges same offense charged in previously dismissed information). We now consider any additional time from the previously dismissed cases that must be tacked on to the current case.

(b) Additional Time for
Count II (Child Abuse)

This is the same charge as was dismissed in district court case No. CR15-631. In that case, the State filed a "Direct Information" in the district court on September 16, 2015, charging Carrera with one count of child abuse, a Class IIIA felony, under § 28-707(1)(d) and (e). On September 18, Carrera filed separate motions to take depositions and for discovery. Those motions had not been resolved at the time the case was dismissed without prejudice on September 21. The time from September 16 to 21 was a total of 5 days.

The district court found in its opinion and order in the instant case that of the 5 days district court case No. CR15-631 was pending, 3 days were tolled (September 18 to 21, 2015) due to Carrera's motion for discovery. And thus, 2 days ran on the speedy trial clock and needed to be "tacked" to the speedy trial clock time for count II in the instant case.

The State agrees that 2 days from district court case No. CR15-631 had run on the speedy trial clock for count II in the instant case; however, the State attributes the 3 days tolled (September 18 to 21, 2015) to Carrera's motion to take depositions. In Carrera's brief, she does not exclude any days from district court case No. CR15-631 (September 16 to 21) in her speedy trial calculation.

However, after consideration of the record and reviewing *State v. Boslau*, 258 Neb. 39, 601 N.W.2d 769 (1999), a case that was not mentioned by either party or the district court, it appears the speedy trial clock never began running in district court case No. CR15-631, which was filed as a

"Direct Information." As stated in *Boslau*, ordinarily, when an individual is charged with the commission of a felony, a complaint is filed in county court. Thereafter, a preliminary hearing is held to determine if probable cause exists to charge the defendant with the commission of the crimes alleged in the complaint, and if probable cause is found, the defendant is bound over to district court where an information is filed. *Id.* "Under the foregoing scenario, pursuant to § 29-1207, the statutory 6-month speedy trial period begins to run upon the filing of the information in district court which is subsequent to the preliminary hearing." *State v. Boslau*, 258 Neb. at 43, 601 N.W.2d at 773. See, also, Neb. Rev. Stat. § 29-1607 (Reissue 2016).

[12,13] But, contrary to the foregoing practice, "in a case where a 'direct information' has been filed, the commencement of the 6-month period for speedy trial act purposes occurs upon either the finding of probable cause at a preliminary hearing or the date the defendant waives the preliminary hearing." *State v. Boslau*, 258 Neb. at 46, 601 N.W.2d at 774. The Nebraska Supreme Court clarified the proper procedure as follows:

Under § 29-1607, it is clear that the 6-month speedy trial time period cannot begin to run until after the preliminary hearing finding probable cause is held or a preliminary hearing is waived by the defendant. Prior to the finding of probable cause or until a preliminary hearing is waived, the direct information is treated as a complaint. *State v. Thomas*, 236 Neb. 84, 459 N.W.2d 204 (1990). Once probable cause is found or a preliminary hearing is waived, however, the information is transformed into a true information. For purposes of calculating the 6-month speedy trial act time period in a direct information case, the direct information should be deemed filed the day the order is entered finding probable cause or the day the defendant waives the preliminary hearing, and the speedy trial act calculations should

be measured from either of these events. Pursuant to our
case law interpreting the speedy trial act, the statutory
6-month speedy trial time period begins to run the day
following the filing of the information, and in the case
of a direct information, the day the information is filed
for speedy trial act purposes is the day the district court
finds probable cause or the day the defendant waives the
preliminary hearing.

*State v. Boslau*, 258 Neb. at 45, 601 N.W.2d at 774.

There is no evidence that a preliminary hearing was held
in district court case No. CR15-631 or that Carrera waived
the preliminary hearing. That being the case, there was not a
"true information" filed in that case and the statutory 6-month
speedy trial time period never began to run. Accordingly,
no days from district court case No. CR15-631 will be
"tacked" to count II in the instant case (district court case
No. CR15-851). As a result, just like in count I above, Friday,
December 9, 2016, was the last permissible day for trial for
count II. Because Carrera's motion to discharge was filed on
November 3, 2016, the speedy trial clock would not have run.
Accordingly, as to count II, the court did not err in overruling
Carrera's motion for discharge based upon her statutory right
to a speedy trial.

(c) Additional Time for Count III
(Second Degree Sexual Assault
of Protected Individual)

This is the same charge as was dismissed in district court
case No. CR15-586. In that case, the State initially filed a
criminal complaint in the county court on August 31, 2015,
charging Carrera with one count of second degree sexual
assault of a protected individual, a Class IV felony, under
§ 28-322.04(2) and (4). On September 4, Carrera filed a waiver
of preliminary hearing, and the case was bound over to district
court on September 8.

The 6-month speedy trial period commenced on September
16, 2015, when the State filed an information in the district

court charging Carrera with one count of second degree sexual assault of a protected individual, a Class IV felony, under § 28-322.04(2) and (4). This case was ultimately dismissed without prejudice on November 9. Although the district court stated the time from September 16 to November 9 was a total of 53 days, we count a total of 54 days. We now consider how many of those 54 days were excludable.

On September 16, 2015, Carrera filed separate motions to take depositions and for discovery; the motion to take depositions included various witnesses, one of which was the alleged victim, C.W. These motions tolled the speedy trial clock. See § 29-1207(4)(a). On September 21, Carrera's written motion for discovery was denied after a hearing; however, oral motions for discovery and to depose C.W. were granted (it is not clear whether the written motion to take depositions—which included individuals other than C.W.—was ever ruled on). So, either 5 days (September 16 to 21) were excludable if all motions were ruled on or, if no ruling was made on the written motion to take depositions, then all time from September 16 to the November 9 dismissal was excludable.

On October 26, 2015, Carrera filed motions to release property and to compel, but those motions were not disposed of prior to the dismissal on November 9. Thus, 14 days were excludable (although the district court incorrectly said 13 days).

The district court found that of the 53 days district court case No. CR15-586 was pending, 5 days were excludable due to Carrera's motions for depositions and discovery (September 16 to 21, 2015) and 13 days were excludable due to Carrera's motions to compel and to release property (October 26 to November 9). Accordingly, the district court found that "53 total days had run on the speedy trial clock . . . . Of those days, 35 days were tacked and 18 days were tolled."

Both Carrera and the State agree with the district court that 5 days were excludable due to Carrera's motions for depositions and/or discovery, but say 14 days (rather than the court's

finding of 13 days) were excludable for the motions to compel and to release property which had not been resolved before the case was dismissed. The State then says there are "a total of 19 days excluded of the 53 that have run. This means that 35 days have run on this charge under the original information." Brief for appellee at 15. (However, we note that 19 days plus 35 days does not equal 53 days, it equals 54 days.) In Carrera's brief, she also states that 19 days (September 16 to 21 and October 26 to November 9, 2015) are excludable from district court case No. CR15-586 in her speedy trial calculation. Therefore, both Carrera and the State appear to agree that 19 days should be excluded.

We agree that assuming all deposition and discovery motions filed on September 16, 2015, were disposed of on September 21 (which as noted earlier, the record is not entirely clear on this issue), then a total of 19 days were excludable (5 + 14 discussed above). Therefore, out of the 54 days this case was pending, 35 days had already run on the speedy trial clock for count III in the current case, and the last permissible day for trial on count III was Friday, November 4, 2016 (35 days before the December 9 deadline for counts I and II). This date includes the benefit we have previously given to Carrera of assuming that 58 days were attributable to the State in district court case No. CR15-851, even though Carrera's pretrial motion to suppress was still pending in that case. Because Carrera's motion to discharge was filed on November 3, the speedy trial clock would not have expired. Accordingly, as to count III, the court did not err in overruling Carrera's motion for discharge based upon her statutory right to a speedy trial.

### (d) Waiver of Statutory
### Speedy Trial Right

[14] As stated in *State v. Mortensen*, 287 Neb. 158, 169-70, 841 N.W.2d 393, 402-03 (2014):

[A] defendant's motion to discharge based on statutory speedy trial grounds will be deemed to be a waiver of

that right under § 29-1207(4)(b) where (1) the filing of such motion results in the continuance of a timely trial to a date outside the statutory 6-month period, as calculated on the date the motion to discharge was filed, (2) discharge is denied, and (3) that denial is affirmed on appeal.

Carrera waived her statutory right to a speedy trial under § 29-1207(4)(b) by filing an unsuccessful motion to discharge that necessitated continuing the trial beyond the statutory 6-month period. Because Carrera has waived her statutory right to a speedy trial under § 29-1207(4)(b), we are not required to calculate the days remaining to bring her to trial under § 29-1207. See *State v. Mortensen, supra*. Once the district court reacquires jurisdiction over the cause, it is directed to set the matter for trial.

## 2. CONSTITUTIONAL SPEEDY TRIAL CLAIM

[15] The State claims that Carrera did not argue her constitutional speedy trial claim in her brief. We find Carrera's argument on her constitutional claim to be minimal, with no in-depth analysis or reference to case law. However, for the sake of completeness, we briefly address her claim. See *State v. Johnson*, 22 Neb. App. 747, 860 N.W.2d 222 (2015) (although there is no right to interlocutory appeal solely concerning constitutional right to speedy trial, overruling of motion alleging denial of speedy trial based upon constitutional grounds pendent to nonfrivolous statutory claim may be reviewed on appeal from that order).

[16] Determining whether a defendant's constitutional right to a speedy trial has been violated requires a balancing test in which the courts must approach each case on an ad hoc basis. *State v. Brooks*, 285 Neb. 640, 828 N.W.2d 496 (2013). This balancing test involves four factors: (1) length of delay, (2) the reason for the delay, (3) the defendant's assertion of the right, and (4) prejudice to the defendant. *Id*. None of these four factors standing alone is a necessary or sufficient condition to the finding of a deprivation of the right to speedy trial. *Id*. Rather,

the factors are related and must be considered together with other circumstances as may be relevant. *Id*.

Carrera filed her motion to dismiss on November 3, 2016, less than 6 months after the original speedy trial deadline (regardless of the count charged). Although Carrera did assert her right to a speedy trial during the pendency of the case, the majority of the delay was due to her own pretrial motions. Additional delay was due to her agreement to a continuance or for good cause (i.e., when Judge Kelch was appointed to Nebraska Supreme Court and case had to be reassigned). Finally, she has not shown prejudice. See *State v. Betancourt-Garcia*, 295 Neb. 170, 887 N.W.2d 296 (2016) (in analyzing prejudice factor there are three aspects: (1) preventing oppressive pretrial incarceration, (2) minimizing anxiety and concern of defendant, and (3) limiting possibility that defense will be impaired by dimming memories and loss of exculpatory evidence). The district court noted that Carrera was not currently incarcerated while awaiting disposition of the counts charged; Carrera neither asserted nor showed the delay weighed particularly heavily on her; and nothing in the record illustrated Carrera's defense had been impaired by the delay.

We agree with the district court that when all four factors are balanced, it is clear that there had been no denial of Carrera's constitutional right to a speedy trial. Accordingly, the court did not err in overruling Carrera's motion for discharge based upon her constitutional right to a speedy trial.

## VI. CONCLUSION

For the foregoing reasons, we affirm the decision of the district court.

Affirmed.