IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

STATE V. HERL

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLEE,

V.

BILLY P. HERL, APPELLANT.

Filed April 5, 2022.    No. A-21-704.

Appeal from the District Court for Buffalo County: JOHN H. MARSH, Judge. Affirmed.

Aaron M. Bishop, of Bishop Law, for appellant.

Douglas J. Peterson, Attorney General, and Jordan Osborne, for appellee.

MOORE, BISHOP, and ARTERBURN, Judges.

MOORE, Judge.

INTRODUCTION

Billy P. Herl filed a motion for absolute discharge in the district court for Buffalo County, alleging a violation of his statutory right to a speedy trial. The court overruled Herl's motion, and he appeals. Finding no error, we affirm.

STATEMENT OF FACTS

On September 4, 2020, the State filed a criminal complaint in the county court for Buffalo County, charging Herl with first degree assault in violation of Neb. Rev. Stat. § 28-308 (Reissue 2016), a Class II felony; robbery in violation of Neb. Rev. Stat. § 28-324 (Reissue 2016), a Class II felony; use of a firearm to commit a felony in violation of Neb. Rev. Stat. § 28-1205(1)(c) (Reissue 2016), a Class IC felony; possession of a firearm by a prohibited person in violation of Neb. Rev. Stat. § 28-1206(3)(b) (Cum. Supp. 2020), a Class ID felony; and theft by unlawful taking ($500-$1500) in violation of Neb. Rev. Stat. § 28-511 (Reissue 2016), a Class I misdemeanor.

- 1 -

On November 19, 2020, Herl submitted a written waiver of the preliminary hearing and consented to have his case bound over to the district court. On November 23, the county court accepted Herl's waiver and bound the case over to the district court.

On November 30, 2020, the State filed an information in the district court for Buffalo County, again charging Herl with first degree assault, robbery, use of a firearm to commit a felony, possession of a firearm by a prohibited person, and theft by unlawful taking.

On December 3, 2020, Herl filed a motion for discovery and a motion to depose the alleged victim. The district court granted Herl's motion for discovery on December 4, and Herl's motion to depose on December 21. On January 20, 2021, Herl filed a motion to join his codefendant to take certain depositions, which was granted by the court the following day.

On January 20, 2021, the district court filed a journal entry noting that Herl had entered a plea of not guilty during the initial arraignment hearing. The court set the final plea hearing/pretrial for March 12.

On February 19, 2021, the court entered an order setting Herl's final plea/pretrial hearing for March 26. The court provided no explanation for the continuance of the hearing from March 12 in its order.

At the start of Herl's final plea hearing on March 26, 2021, the State moved to amend the information to include a habitual criminal enhancement for Herl's felony charges. The State's motion was granted over Herl's objection, and an amended information was later filed.

As the court was setting a trial date during this hearing, Herl made an oral motion to compel the State to produce the alleged victim for deposition. The following exchange occurred:

THE COURT: Trial date?

[DEFENSE COUNSEL]: Actually, Judge, we also have a . . . motion for the Court to set a deadline for us. We had previously moved for and been granted the opportunity to take the deposition of the alleged victim in this matter.

THE COURT: Okay.

[DEFENSE COUNSEL]: The State has not yet been able to produce that victim for a deposition, and so I'd like the Court to set a deadline for them to do that; and then I believe we can continue the final plea hearing because we haven't had a chance to depose the victim yet.

THE COURT: Can you get it done within 30 days?

[THE STATE]: If we can locate the victim, I believe so Judge. Again, I think the Court's aware of the circumstances with the State's ability to locate [the alleged victim] in Oregon at this point, but we are still diligently working on that.

THE COURT: All right. Order that the State produced [sic] the victim within 30 days. Set the matter for trial after that?

[DEFENSE COUNSEL]: Do you just want to have a status hearing. . . .

THE COURT: Okay.

[DEFENSE COUNSEL]: . . . after the 30 days is up?

THE COURT: All right. Okay, so. . . .

BAILIFF: April 23rd at 10?

[DEFENSE COUNSEL]: That's. . . .

THE COURT: That's before 30 days.

BAILIFF: Okay. May 6th at 9.

[DEFENSE COUNSEL]: What day of the week is May 6th?

BAILIFF: May 18th?

[DEFENSE COUNSEL]: What day of the week is May 6th?

BAILIFF: So Thursday.

[DEFENSE COUNSEL]: Okay.

THE COURT: Thursday, all right.

In a journal entry filed on April 8, 2021, the district court ordered the State to produce the alleged victim for deposition within 30 days and set the matter for a status hearing on May 6.

At the status hearing on May 6, 2021, Herl informed the district court that the State had been unable to locate the alleged victim and the following exchange occurred:

[DEFENSE COUNSEL]: [The State] has informed me that the State intends to proceed to trial without the victim based on the statement of a co-defendant, so I am going to need a little bit of time to take [co-defendant's] deposition, but then I imagine we'll proceed to trial.

THE COURT: All right. Trial date?

BAILIFF: July 12th.

[DEFENSE COUNSEL]: We can make it work.

THE COURT: All right.

[DEFENSE COUNSEL]: And I'll file a motion to take her deposition. . . .

THE COURT: All right, thank you.

[DEFENSE COUNSEL]: . . . sometime in the near future.

The same day, the court filed a journal entry noting that Herl had elected to stand on his plea of not guilty, and setting the matter for a jury trial on July 12.

On May 10, 2021, Herl filed a stipulation to take the deposition of his codefendant, which was granted by the district court the same day.

On May 17, 2021, Herl's original counsel filed a motion to withdraw due to a conflict of interest. In an order filed the following day, the district court granted the motion to withdraw and appointed Herl substitute counsel.

On July 8, 2021, Herl filed his motion for absolute discharge on statutory speedy trial grounds. A hearing on Herl's motion was held the following day, at which the State immediately requested a continuance due to insufficient notice. The district court granted the continuance and Herl's motion was heard on July 16. The State asked the court to take judicial notice of all previous case proceedings and offered Herl's motion to depose his codefendant, affidavits from investigators involved in the case, a letter the State sent to the alleged victim in an attempt to contact him, a "BOLO" the State issued for the alleged victim, a transcript from the final plea hearing on March 26, and the State's speedy trial calculation. The court took judicial notice of the record and received the eight exhibits, with the State's speedy trial calculation received for demonstrative purposes only. Herl did not offer any exhibits but requested that the court make specific findings for each period of excludable delay under Neb. Rev. Stat. § 29-1208 (Reissue 2016). Following argument by both parties, the court took the matter under advisement.

On July 30, 2021, the district court entered an order overruling Herl's motion for absolute discharge. The court observed that the initial speedy trial clock would have run on May 31. The court performed a calculation of excludable time, attributing 0 days to Herl's discovery motion, 18 days to Herl's motion to depose, 1 day to Herl's motion to join for depositions, and 1 day to Herl's original counsel's motion to withdraw. The court found Herl's various written motions to exclude 20 days. The court then found the oral motions made by Herl's counsel on March 26 and May 6, were motions to continue the final plea/pretrial hearing and trial, respectively. The court attributed 40 days of excludable time to Herl's March 26 continuance request and 47 days of excludable time to Herl's May 6 continuance request. The court excluded a total of 107 days under Neb. Rev. Stat. § 29-1207(4)(a) (Reissue 2016) due to Herl's motions and continuances and stated that the "exclusions would extend the last day for trial beyond the statutory six months and constitute a waiver of speedy trial."

Herl appeals.

## ASSIGNMENTS OF ERROR

Herl asserts, restated, that the district court erred in failing to find that his statutory right to a speedy trial was violated.

## STANDARD OF REVIEW

As a general rule, a trial court's determination as to whether charges should be dismissed on speedy trial grounds is a factual question which will be affirmed on appeal unless clearly erroneous. *State v. Riessland*, 310 Neb. 262, 965 N.W.2d 13 (2021).

## ANALYSIS

The statutory right to a speedy trial is set forth in § 29-1207 and § 29-1208. Under § 29-1207(1), "[e]very person indicted or informed against for any offense shall be brought to trial within six months, and such time shall be computed as provided in this section." Section 29-1207(2) generally provides that the 6-month period "shall commence to run from the date the indictment is returned or the information filed." Section 29-1207(4) provides for the exclusion of certain periods of delay from the speedy trial calculation. As relevant to the district court's calculations in this case, § 29-1207(4)(a) excludes all time between the time of the filing of a defendant's pretrial motions and their final disposition. In addition, § 29-1207(4)(b) concerns periods of delay resulting from continuances "granted at the request or with the consent of the defendant or his or her counsel" and which provides that a defendant "is deemed to have waived his or her right to speedy trial when the period of delay resulting from a continuance granted at the request of the defendant or his or her counsel extends the trial date beyond the statutory six-month period."

To calculate the deadline for trial under the speedy trial statutes, a court must exclude the day the State filed the information, count forward 6 months, back up 1 day, and then add any time excluded under § 29-1207(4). *State v. Blocher*, 307 Neb. 874, 951 N.W.2d 499 (2020). Here, the State filed the information against Herl in district court on November 30, 2020. Excluding the day the information was filed, counting forward 6 months, and backing up 1 day, the statutory speedy trial clock would have run initially on May 31, 2021, as the district court calculated.

*Herl's Written Pretrial Motions.*

Herl accepts the district court's "outlined timeline and filing history" and "agrees with the Court's calculation that twenty (20) days of elapsed time during the pendency of this action were excludable as to the calculation of speedy trial under Neb. Rev. Stat. § 29-1207(4)(a)." Brief for appellant at 11-12.

The plain terms of § 29-1207(4)(a) exclude all time between the time of the filing of a defendant's pretrial motions and their final disposition, regardless of the promptness or reasonableness of the delay. *State v. Carrera*, 25 Neb. App. 650, 911 N.W.2d 849 (2018). The excludable period commences on the day immediately after the filing of a defendant's pretrial motion. *Id*. Final disposition under § 29-1207(4)(a) occurs on the date the motion is granted or denied. *State v. Carrera, supra*. We agree with the district court's conclusion that the speedy trial clock was tolled for 18 days due to Herl's motion to depose, which was filed on December 3, 2020, and granted on December 21, and 1 day due to Herl's motion to join for depositions, which was filed on January 20, 2021, and granted on January 21. See *State v. Murphy*, 255 Neb. 797, 587 N.W.2d 384 (1998) (finding motion for depositions is "application to a court of justice" and, thus, is "proceeding," as § 29-1207 specifically provides).

We also agree with the district court's conclusion that under § 29-1207(4)(a), the speedy trial clock was tolled for 1 day due to Herl's original counsel's motion to withdraw, which was filed on May 17, 2021, and granted with the appointment of new counsel on May 18. *State v. Curry*, 18 Neb. App. 284, 790 N.W.2d 441 (2010) (finding defense counsel's motions to withdraw are pretrial motions tolling speedy trial clock; speedy trial clock is tolled from when motion to withdraw is made until new counsel is appointed). Thus, Herl's written motions added up to 20 excludable days, tolling the speedy trial clock from May 31 to June 20.

*Herl's Oral Motion to Compel.*

Herl asserts that his oral motion requesting that the district court set a deadline for the State to produce the alleged victim for deposition, made during the hearing on March 26, 2021, was not a motion to continue. Herl argues that because the court had previously ordered the State to produce the alleged victim for deposition and because the court ruled on Herl's oral motion at the time it was made, the time spent "trying to enforce that Order was essentially non-existent. . . ." Brief for appellant at 17. Thus, Herl argues that the time between the motion to compel and the scheduled status hearing (March 26 to May 6, 2021) should not be counted against Herl for speedy trial purposes.

Herl directs us to *State v. Murphy, supra*, in which the Nebraska Supreme Court clarified that a motion to compel the taking of depositions is a "proceeding" and establishes an excludable period under § 29-1207(4)(a). See *State v. Murphy, supra*. We agree that Herl's motion to compel was both made and granted during the hearing on March 26, 2021, and thus did not establish any excludable period under that subsection.

However, we find this period to be excludable under § 29-1207(4)(b), which excludes the period of delay resulting from a continuance granted at the request of defendant's counsel. During the hearing on March 26, 2021, Herl's counsel stated, "I believe we can continue the final plea hearing because we haven't had a chance to depose the victim yet." When asked by the district court if the matter should be set for trial following the ordered 30-day deadline, Herl's counsel

responded, "Do you just want to have a status hearing . . . after the 30 days is up?" The record indicates that Herl's counsel explicitly requested the final plea hearing be continued to a status hearing following the 30-day deadline set for the State to produce the alleged victim for deposition. The court then granted this continuance request by setting a status hearing on May 6. While Herl's request for a continuance was incorporated into his oral motion to compel, the terminology chosen by the defendant or defense counsel does not dictate whether or not a delay resulting from a continuance is excludable for the purposes of speedy trial calculation. See *State v. Craven*, 17 Neb. App. 127, 757 N.W.2d 132 (2008).

For speedy trial purposes, the calculation of excludable time for a continuance begins the day after the continuance is granted and includes the day on which the continuance ends. *State v. Lovvorn*, 303 Neb. 844, 932 N.W.2d 64 (2019). The excludable time began on March 27, 2021, a day after the continuance was granted, and ended on May 6. Thus, under § 29-1207(4)(b), the speedy trial clock was tolled for 41 days due to Herl's request for a continuance.

We note that the district court excluded the time attributable to Herl's March 26, 2021, motion to continue under § 29-1207(4)(a) rather than to § 29-1207(4)(b). However, a correct result will not be set aside merely because the lower court applied the wrong reasoning in reaching that result. *State v. Billingsley*, 309 Neb. 616, 961 N.W.2d 539 (2021). Herl's request for a continuance tolled the initial speedy trial clock to August 2, considering the addition of 41 days to the previously established speedy trial deadline of June 20 would have brought the clock to Saturday, July 31. See *State v. Jones*, 208 Neb. 641, 305 N.W.2d 355 (1981) (applying in speedy trial computation, Neb. Rev. Stat. § 25-2221 (Reissue 1979), statute concerning effect of weekends and holidays on periods of time in which acts are to be done). We note that the trial was previously set for July 12, which was within the speedy trial confines.

*Speedy Trial Waiver.*

Because Herl's speedy trial clock was extended to August 2, 2021, Herl's July 8 motion for absolute discharge was filed prior to the expiration of the 6-month speedy trial period. Herl's statutory right to a speedy trial was not violated, the district court correctly overruled his motion for absolute discharge, and Herl has waived his statutory right to a speedy trial. A defendant waives his or her statutory right to a speedy trial when the period of delay resulting from a continuance granted at the request of the defendant or his or her counsel extends the trial date beyond the statutory 6–month period. *State v. Mortensen*, 287 Neb. 158, 841 N.W.2d 393 (2014); § 29-1207(4)(b).

On appeal, Herl also argues the district court incorrectly characterized his counsel's statements during the status hearing on May 6, 2021, as a request for a continuance and improperly excluded the period between May 6 and July 12. However, because we have already determined that Herl's statutory speedy trial rights were not violated and he waived his statutory right to a speedy trial, we need not further address this period excluded by the district court. An appellate court is not obligated to engage in an analysis that is not necessary to adjudicate the case and controversy before it. *State v. Brown*, 310 Neb. 318, 965 N.W.2d 388 (2021).

## CONCLUSION

We conclude that Herl's statutory right to a speedy trial was not violated. Accordingly, the district court did not err when it overruled Herl's motion on that basis.

AFFIRMED.